RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email: brianbrazier@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Choon James,<br><br>    Plaintiff,<br><br>vs.<br><br>City and County of Honolulu; and, John Does 1-50 in their individual or official capacities.<br><br>    Defendants. | CASE NO. CV13 00397 SOM BMK<br><br>COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF |

## COMPLAINT

COMES NOW the Plaintiff, CHOON JAMES, by and through her undersigned counsel, and complain against Defendants CITY AND COUNTY OF HONOLULU, and JOHN DOEs 1-50 as follows:

### INTRODUCTION

1.  This is an action to vindicate Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §

1

1983, and the Constitution and laws of the State of Hawaii. Defendants have violated Plaintiff's, Choon James', federal and state constitutional rights, as well as rights rooted in the statutes and common law of the State of Hawaii. Ms. James seeks declaratory judgment, injunctive relief, and damages as well as attorneys' fees and costs.

2. This action arises from Defendants' actions in entering Ms. James' private property and subsequently seizing and destroying Ms. James' personal property which was stored on her own private property. Defendant City through its agents targeted protected speech by seizing and destroying signs belonging to Ms. James and located on her private property. Those signs stated "Eminent Domain Abuse," "Who's Next" and invited the public to view Ms. James' youtube video that details what she perceives as injustices committed against her by the City in an eminent domain proceeding. This action was taken under the guise of Section 29-19 of the Revised Ordinances of Honolulu, an ordinance that is not only unconstitutional but wholly inapplicable to this case.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, 2201, and 2202. This Court has jurisdiction over the supplemental claims arising under Hawaii State law pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant City and County of Honolulu as it is a government entity, more specifically a municipal corporation incorporated under the laws of the State of Hawai'i, located in Hawai'i.

5. This Court also has personal jurisdiction over each of the John Doe Defendants because they, inter alia, acted under the color of laws, policies, customs, and/or practices of the City and County of Honolulu and/or within the geographic confines of the State of Hawai'i.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff Choon James is a citizen of the United States, who at all material times herein did reside in the County of Honolulu, Hawai'i. Ms. James is the lawful owner of real property located at 54-282 Kamehameha Highway, otherwise described as Lot 121, area 20,300 square feet, as shown on Map 10 filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application 1266 of Ida Elizabeth Von Holt and being all of the land described in Transfer Certificate of Title No. 784,084 issued to Mark Olov James and Choon Huay James.

8. Defendant City is a municipal corporation incorporated under the laws of the State of Hawaii. The City is authorized by law to control and maintain the Honolulu Police Department, Department of Facility Maintenance, and the Office

of Housing, all agencies or departments of the city, who act on the City's behalf in the areas of law enforcement and other illegal activities described in this Complaint. The City is therefore ultimately responsible for these agencies and their actions, and therefore, must assume the risks incidental to the maintenance of these agencies and their employees.

9. Defendants John Doe 1-50 are sued in both their personal and official capacity as City officials and/or employees who have supervised, overseen, or participated in the raids described below. John Doe 1-50 are responsible for seizures of persons or property and/or restraints on Plaintiff's exercise of free speech and/or otherwise may be participants in the unconstitutional and/or tortious acts and practices discussed within this complaint. Defendants John Doe 1-50, because of their actions, are accordingly liable to Plaintiffs for damages and other relief as set forth in this Complaint.

10. Plaintiffs have reviewed all documents and video evidence available to them and have made a diligent and good faith effort to ascertain said persons' full names and identities; however, Plaintiff has been unable to ascertain the identities of said Defendants. The names, capacities, and relationships of defendants named as Doe Defendants will be alleged by amendment to this Complaint when they are revealed and thus properly identified. .

11. Plaintiffs reserve the right to petition this Court to amend this Complaint to add such parties as their true identities and capacities are ascertained through discovery or otherwise.

## The Applicable Ordinances

12. In 2011 the City passed the controversial Bill 54 which is codified as Chapter 29, Article 19 of the ROH.

13. Article 19 (Bill 54) does authorize the seizure of "stored" property from public property. "Public Property" is defined in Article 19 as "all property that is owned, managed or maintained by the city, and shall include, but not be limited to any street, sidewalk, replacement sidewalk, medial strip, space, ground, mall, building, structure, public park, and any other property of the city." ROH § 29-19.2.

14. Further, Article 19 defines stored property as property that has not been removed from public property within 24 hours after having been "tagged" with a notice from the City. ROH § 29-19.3(b). Article 19 also authorizes the seizure of property that "interferes with the safe or orderly management of the premises or poses a threat to health, safety, or welfare of the public." ROH § 29-19.3(a).

15. Upon seizure, all property is to be impounded. Impounded property is to be stored. ROH § 29-19.5(a). On its face, Article 19 imposes an assessment of all costs upon the owner of the seized property, who also purportedly "bears the risk

of loss or damage" to the property. ROH § 29-19.5(a). Notice is supposed to be given to the owners at least 30 days before the City destroys or disposes of any of the property. ROH § 29-19.5(b).

16. The Ordinance states its legislative purpose as follows:

> Public property should be accessible and available to residents and the public at large for its intended uses. The unauthorized use of public property for the storage of personal property interferes with the rights of other members of the public to use public property for its intended purposes and can create a public health and safety hazard that adversely affects residential and commercial areas. The purpose of this article is to maintain public areas in clean, sanitary, and accessible condition, to prevent harm to the health or safety of the public, to prevent the misappropriation of public property for personal use, and to promote the public health, safety and general welfare by ensuring that public property remains readily accessible for its intended uses.

17. No hearing is provided for property owners either before any deprivation of the owners' property, before destruction or disposal of the property, or before impoundment fees and costs may be assessed against the property owners. Ms. James was not provided any meaningful opportunity to be heard before any administrative, judicial, or non-judicial panel, board, or decision maker before their property was seized and/or destroyed. And, upon information and belief, there was never any judicial determination of wrongdoing before the seizure or destruction of property.

18. Additionally, there is no exemption or exception for property that is used in exercising First Amendment rights within Chapter 29, Article 19 of the ROH.

## Unlawful Seizure and/or Destruction of Property

19. On April 21, 2010, Defendant City filed a Complaint in the Hawaii Circuit Court for the First Circuit seeking to take Ms. James' real property, described above, through its eminent domain powers.

20. As of the drafting of this complaint, the City neither owns, manages nor maintains the real property which is the subject of the ongoing eminent domain proceeding and referred to as the "property" hereafter. Indeed, trial is not scheduled in the eminent domain case until March 3, 2014. *See* **Exhibit One**, Minute Entry from City and County of Honolulu v. Mark Olov James, *et. al.* No. 1CC10-1-000863. No compensation, just or otherwise, has been paid for the property.

21. Ms. James has also been assessed with and paid the taxes on the property during 2010, 2011, 2012, and even 2013. **Exhibit Two**, release, assessments and checks. Ms. James even pays to have the grass mowed on the property, which is vacant commercial property surrounded by a fence. **Exhibit Three**, mowing invoices.

22. In protest of the pending eminent domain proceeding and as an exercise of protected speech, Ms. James erected on her property described above, two signs. One of the signs said "YOUTUBE: Eminent Domain Abuse Hawaii" and the

Other said "Eminent Domain Abuse Who's Next?". These signs were erected behind the fence shown in the photos of the property attached as **Exhibit Four**.

23. Ms. James' signs were of the nature and size of numerous other signs that are posted in the area of the property. *See* **Exhibit Five**, photographs of neighboring signs. All of these other signs, which are also instruments of the expression of protected speech including political speech, *i.e.*, the signs shown in the **Exhibit Five** photographs, remain undisturbed.

24. However, upon information and belief, Ms. James' were the only signs critical of Defendant City's actions. Ms. James' signs were targeted due to their content.

25. Nevertheless, on May 28, 2013, Defendant City and County and/or Defendants Does, did intentionally enter the property described above without Ms. James' permission. Defendants went behind the fence that partially surrounds the property and posted a removal notice, **Exhibit Six**, on or near Ms. James' signs.

26. Again, on May 29, 2013, Defendants returned to the property with heavy machinery. Defendants did enter the property, again behind the fence, without Ms. James' permission. Defendants bound the signs to the heavy machinery and pulled the signs up from the ground.

27. Defendants removed the signs to an offsite storage location. Defendants left, at or near the area where the signs were erected, two "Storage and Disposal Notice[s]." **Exhibit Seven**.

28. Ms. James was subsequently notified of Defendants' trespass and removal of the signs by a neighbor who witnessed it occur.

29. The signs were damaged and/or destroyed by Defendants' actions. Ms. James has not yet been compensated for the damage to her signs that the Defendants seized and/or destroyed or even offered a hearing to argue against the seizure or destruction.

30. Indeed, when Ms. James attempted to reclaim her signs, Defendant(s) insisted that Ms. James sign a "Release of Impounded Personal Property," attached as **Exhibit Eight**. That release requires aggrieved property owners to at least implicitly acknowledge that their personal property was seized from public property as defined by Article 19, stating:

> Claimant asserts ownership of certain impounded personal property (removed from public property pursuant to the Revised Ordinances of Honolulu Section 29-19.3, as amended) or found property (removed from private property pursuant to the Hawaii Revised Statutes Section 52D-14, as amended) stored by the City and County of Honolulu . . .

31. Ms. James refused to sign the form as her signs were neither stored on public property nor abandoned. Although Ms. James was permitted to view

9

the signs where she learned that the signs had been severely damaged if not destroyed, the signs have not been returned.

32. Ms. Choon has attached as **Exhibit Nine** a disc containing a video that corroborates the facts alleged above.

## FIRST CAUSE OF ACTION

### Violation of Fourth Amendment

33. Paragraphs 1 through 32 are incorporated as though fully stated herein.

34. Defendants' seizure of Plaintiff's property as set forth above constitutes an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

35. Defendants' destruction of Plaintiff's property and/or failure to return the property in a usable condition also constitutes an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and the current cause of action is also within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### Due Process Violation

36. Paragraphs 1 through 32 are incorporated as though fully stated herein.

37. Plaintiff's property was seized and/or destroyed without affording adequate notice and without affording Plaintiff any meaningful opportunity to be heard before or after the seizure or destruction.

38. Defendants' seizures of Plaintiff's property as set forth above without due process of law constitute violations of the Fourteenth Amendment to the United States Constitution and the current cause of action is within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

39. Defendants' destruction of Plaintiff's property and/or failure to return or to return the property in a usable condition without due process of law constitute violations of the Fourteenth Amendment to the United States Constitution and the current cause of action is also within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION

### First Amendment Violation

40. Paragraphs 1 through 32 are incorporated as though fully stated herein.

41. Defendants' actions constitute a violation of the First Amendment of the United States Constitution as Defendants have interfered with and chilled speech and activities protected by the First Amendment to the United States Constitution and deliberately interfered with speech based on its political content. This cause of action is also within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

### Failure to Train and Supervise

42. Paragraphs 1 through 32 are incorporated as though fully stated herein.

43. Defendants failed to adequately train and supervise their officials, employees, and agents so as to prevent the seizure and destruction of Plaintiffs' property, which resulted in the violations of the First, Fourth and Fourteenth Amendments. The current cause of action is also within this Court's jurisdiction pursuant to 42 U.S.C. § 1983.

44. Defendants' failure to train and the egregiousness of targeting political speech on private property amounts to deliberate indifference to the rights of persons with whom Defendants came into contact, including those of the Plaintiffs.

45. The deficiency in training John Does 1-50 was an actual cause of the constitutional deprivations and injuries suffered by Plaintiffs.

## FIFTH CAUSE OF ACTION

### Hawaii Constitution – Unreasonable Seizure

46. Paragraphs 1 through 32 are incorporated as though fully stated herein.

47. Defendants violated Article 1, sections 6 and 7 of the Hawaii Constitution.

## SIXTH CAUSE OF ACTION

### Hawaii Constitution – Property and Due Process Protections

48. Paragraphs 1 through 32 are incorporated as though fully stated herein.

49. Defendants violated Article 1, sections 2, 5, and 8 of the Hawaii Constitution.

## SEVENTH CAUSE OF ACTION

### Hawaii Constitution – Freedom of Speech

50. Paragraphs 1 through 32 are incorporated as though fully stated herein.

51. Defendants violated Article 1, section 4 of the Hawaii Constitution.

## EIGHTH CAUSE OF ACTION

### Trespass

52. Paragraphs 1 through 32 are incorporated as though fully stated herein.

53. On both May 28 and May 29, 2013, Defendants did intentionally enter Plaintiff's real property without the permission of Plaintiff (or any other person with ownership interest or other authority). Defendants' actions in entering the private real property without permission constitutes trespass.

54. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## NINTH CAUSE OF ACTION

### Conversion

55. Paragraphs 1 through 32 are incorporated as though fully stated herein.

56. Plaintiff has or had (at the time of seizure and/or destruction) title and/or the right to possess the personal property unlawfully seized and/or destroyed by the

Defendants. Defendants' actions in seizing and/or destroying the property and/or failing to return the property in a usable condition constitutes conversion.

57. Plaintiff is damaged as a result of Defendants actions and this Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## TENTH CAUSE OF ACTION

### Replevin

58. Paragraphs 1 through 32 are incorporated as though fully stated herein.

59. Plaintiff has or had (at the time of seizure and/or destruction) title and/or the right to possess the property unlawfully seized and/or destroyed by the Defendants. Defendants' actions in seizing and/or destroying the property and/or failing to return the property in a usable condition is the basis for replevin relief.

60. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## ELEVENTH CAUSE OF ACTION

### Negligence

61. Paragraphs 1 through 32 are incorporated as though fully stated herein.

62. The damage, destruction and or failure to return Plaintiff's property was forseeable and proximately caused by the negligence, gross negligence and/or negligent omissions of Defendants or their official, employees and/or agents.

63. As a result of the negligence, gross negligence, carelessness and/or negligent omissions of Defendants, their officials, employees and/or agents, Plaintiff has sustained monetary damages.

64. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## TWELFTH CAUSE OF ACTION

### Trespass to Chattels

65. Paragraphs 1 through 32 are incorporated as though fully stated herein.

66. Plaintiff has or had (at the time of seizure and/or destruction) title and/or the right to possess the property unlawfully seized and/or destroyed by the Defendants. Defendants have intentionally interfered with Plaintiff's lawful possession and/or use of property and those actions constitute trespass to chattels.

67. Plaintiff is damaged as a result of Defendants actions and this Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Declaratory judgment affirming that Chapter 29, Article 19 of the Revised Ordinances of Honolulu is unconstitutional on its face or as applied to Plaintiff;

2. Declaratory judgment affirming that Defendants' actions have violated and/or continue to violate Plaintiff's rights pursuant to the First, Fourth, and

Fourteenth Amendments of the United States Constitution, the ancillary provisions of the Hawaii Constitution, and/or Article 9, section 10 of the Hawaii Constitution;

3. A preliminary injunction enjoining Defendants and/or their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from:

> 1. Entering private property for the purpose of seizing personal property pursuant to Bill 54.
>
> 2. Seizing property . . . absent an objectively reasonable belief that it is [actually] abandoned, presents an immediate threat to public health or safety, or is evidence of a crime, or contraband; and
>
> 3. Absent an immediate threat to public health or safety, destruction of said seized property without maintaining it in a secure location for a period of less than 90 days.

*Lavan v. City of Los Angeles*, 693 F.3d 1022, 1024 (9th Cir. 2012);

> 3. Absent an immediate threat to public health or safety, any property that is seized [and] that is not hazardous or contraband, may not be destroyed without prior written notice that such property will be seized and destroyed and a constitutionally adequate pre- [and] post-deprivation remedy provided to recover such property.

*Pamela Kincaid, et. al. v. City of Fresno, et. al.*, No. 1:06-cv-1445, 2006 WL 3542732 (E.D.Cal. December 8, 2006) (attached to Memorandum in Support of Motion for Preliminary Injunction, filed contemporaneously herewith). And, compelling those persons identified above to:

> "'leave a notice in a prominent place for any property taken on the belief that it is [actually] abandoned, including advising where the

property is being kept and when it may be claimed by the rightful owner.'"

*Lavan*, 693 F.3d at 1024 (*quoting Tony Lavan v. City of Los Angeles*, No. 11-CV-2874, 2011 WL 1533070, at *5-6 (C.D.Cal. Apr. 22, 2011) (attached to Memorandum in Support of Motion for Preliminary Injunction, filed contemporaneously herewith).

4.  Permanent injunctive relief enjoining and/or compelling the same conduct articulated in the requested Preliminary Injunction Order.

5.  Compensatory damages;

6.  Punitive damages against the individual Defendants;

7.  Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

8.  Attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

Dated: Honolulu, HI; August 12, 2013.

                  Respectfully submitted,

                  /s/ Richard Holcomb
                  Richard Holcomb
                  Brian Brazier