DEPARTMENT OF THE CORPORATION COUNSEL

DONNA Y.L. LEONG          3226-0
Corporation Counsel
PAUL S. AOKI              1286-0
ERNEST H. NOMURA          4829-0
NICOLETTE WINTER          9588-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No. (808) 768-5120
E-Mail:     paoki@honolulu.gov
            enomura@honolulu.gov
            nwinter@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU


IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHOON JAMES,<br><br>               Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU; and, John Does 1-50 in their individual or official capacities.<br><br>               Defendants. | CIVIL NO. CV 13-00397 JMS-BMK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFF CHOON JAMES'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT FILED JUNE 25, 2014; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:    August 11, 2014<br>Judge:   Hon. J. Michael Seabright |

# TABLE OF CONTENTS

Page

TABLE OF CASES AND AUTHORITIES ................................................. ii

INTRODUCTION ........................................................................ 1

ARGUMENT ............................................................................. 5

    A.    As A Matter Of Law, The Subject Property Is "Public Property" ............................................................ 5

    B.    The "Release of Impounded Personal Property" Form Does Not Require Plaintiff To Concede The Propriety Of SPO Impoundment ...................................... 6

    C.    No Post-Deprivation Hearing Is Required ............................ 8

    D.    Plaintiff Was Provided A Meaningful Opportunity To Seek Compensation Of The Damaged Sign .................... 10

    E.    The City Is Entitled To Summary Judgment On Plaintiff's Replevin Claim .......................................... 11

    F.    The City Is Entitled To Summary Judgment On Plaintiff's Due Process Claim ...................................... 12

    G.    The City Is Entitled To Summary Judgment On Plaintiff's Conversion Claim ....................................... 14

    H.    The City Is Entitled To Summary Judgment On Plaintiff's Trespass To Chattels Claim ....................... 15

CONCLUSION ......................................................................... 16

## TABLE OF CASES AND AUTHORITIES

<u>Page</u>

<u>Cases</u>

<u>Freddy Nobriga Enter., Inc. v. Dept. of Hawaiian Home Lands,</u>
    129 Haw. 123, 295 P.3d 993 (Haw. Ct. App. 2013).......................... 14

<u>Fuentes v. Shevin,</u>
    407 U.S. 67 (1972) ............................................................................ 13

<u>Statutes</u>

Haw. Rev. Stat. § 52D-14................................................................................ 3, 7

Revised Ordinances of Honolulu (1990)
    § 29-19.2............................................................................................. 5
    § 29-19.3............................................................................................. 7
    § 29-19.5............................................................................................. 12

<u>Other Authorities</u>

66 Am. Jur. 2d <u>Replevin</u> § 1 (2014)............................................................. 11

DEFENDANT CITY AND COUNTY OF HONOLULU'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF CHOON JAMES'S
MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL
<u>SUMMARY JUDGMENT FILED JUNE 25, 2014</u>

## <u>INTRODUCTION</u>

On April 21, 2010, the City and County of Honolulu ("City") filed a

condemnation action against Plaintiff Choon James ("Plaintiff") and her husband

Mark Olov James in the Circuit Court of the First Circuit ("circuit court") in Civil

No. 10-1-0863-04 RAN to condemn, in fee simple absolute, real property located

at 54-282 Kamehameha Highway ("subject property") for the Hauula Fire Station

Replacement Project. <u>See</u> City's Concise Statement of Facts filed on 06/25/2014,

in support of its Motion for Summary Judgment, CM/ECF Doc. No. 30 ("Doc. No.

30") at ¶ 1.[1]  On April 22, 2010, the City paid into the office of the Chief Clerk of

the circuit court the sum of $521,000.00 as estimated just compensation for

condemnation of the subject property. <u>Id.</u> at ¶ 2.

On April 27, 2010, the City filed an "Ex Parte Motion for Order Putting

[City] in Possession" of the subject property, and on the same day, the circuit court

---

[1]  The City has filed its Motion for Summary Judgment that seeks judgment in its
favor on all claims set forth in Plaintiff's Complaint.  CM/ECF Doc. No. 29, filed
on 06/25/2014.  It respectfully incorporates herein by reference the undisputed
facts set forth in its Concise Statement of Facts, CM/ECF Doc. No. 30, filed on
06/25/2014, and its Concise Statement of Facts in Opposition to Plaintiff's Motion
for Summary Judgment filed concurrently herein.

granted the City's motion and filed an Order Putting the City in Possession of the subject property.  Id. at ¶¶ 3, 4.

On May 28, 2010, Plaintiff and her husband filed a Motion to Set Aside Order Putting the City in Possession.  Id. at ¶ 5.  On December 28, 2010, the circuit court filed an Order Denying Plaintiff and her husband's Motion to Set Aside Order Putting the City in Possession.  Id. at ¶ 6.

On June 4, 2010, the City took possession of the subject property.  Id. at ¶ 7. Because Plaintiff and her husband were mistakenly assessed with property taxes during 2010, 2011, 2012, and 2013, the Department of Taxation sent reimbursement checks to Mark James on September 10, 2013.  Id. at ¶ 8.

The causes of action asserted in Plaintiff's Complaint, filed August 13, 2013, stem from allegations that the City unlawfully entered the subject property and removed signs belonging to Plaintiff.  Id. at ¶ 9.  At the times that the City was alleged to have illegally entered and removed signs belonging to Plaintiff on the subject property, the Order Putting the City in Possession of the subject property had already been entered and the City had already taken possession of the subject property.  Id. at ¶ 10.

On June 3, 2013, Plaintiff went to the Laie County Yard in order to seek return of her signs.  See Declaration of Lani Brown ("Brown Decl.") at ¶ 4. Mr. Brown, the District Superintendent with DFM, indicated the City's willingness

to return Plaintiff's sign and to drop off the sign, if necessary.  Id. at ¶¶ 1, 6.

Plaintiff indicated that she was not ready to pick up the signs, and that she would

return for the signs at a later date.  Id. at ¶ 7.

There was no phone number, name, or other identifying information on the

signs.  See Brown Decl. at ¶ 5.

The next day, June 4, 2013, Plaintiff returned to retrieve her signs.  Id. at ¶ 7.

Mr. Brown informed Plaintiff that he would need to obtain the standardized form

for her to sign before she could retrieve her property.  Id. at ¶ 10.  Mr. Brown

allowed Plaintiff to view and take pictures and/or video of the signs in the

meantime.  Id. at ¶ 11.

On or around June 13, Plaintiff returned to retrieve her signs.  See Brown

Decl. at ¶ 12.  Mr. Brown asked Plaintiff to sign the form that indicated that she

asserted ownership over the signs.  Id. at ¶¶ 12, 13.  The document, entitled

"Release of Impounded Property," states in relevant part:

> Claimant asserts ownership of certain impounded personal property
> (removed from public property pursuant to the Revised Ordinances of
> Honolulu Section 29-19.3, as amended) or found property (removed
> from private property pursuant to the Hawaii Revised Statutes Section
> 52D-14, as amended) stored by the City and County of Honolulu . . . .

See Exhibit "A".

Plaintiff refused to sign the form, but did not ask to alter or amend the

language of the form.  See Brown Decl. at ¶ 14.  The City remains willing and able

to return Plaintiff's signs to her, but requires only that she sign the form stating that she asserts ownership of the impounded personal property, and describing such property. Id. at ¶ 15.

Shortly after Plaintiff's signs were stored consistent with the SPO, Mr. Allan Sato, who was then DFM's SPO Office Superintendent, contacted Plaintiff and informed her that if she wished to submit a claim for the alleged damages caused to her signs, she could file a claim with the Department of the Corporation Counsel. See Declaration of Allan Sato ("Sato Decl.") at ¶ 3. Mr. Sato told Plaintiff to contact Deputy Corporation Counsel Winston Wong. Id. at ¶ 4. Plaintiff has not contacted Mr. Wong to make a claim for damages to her signs. See Declaration of Winston Wong ("Wong Decl.") at ¶¶ 3, 4.

On November 25, 2013, Plaintiff retrieved a second set of signs impounded by the City that she had placed on the subject property without the City's permission. See Declaration of W. D. Balfour, Jr. ("Balfour Decl.") at ¶¶ 5-8. The City allowed Plaintiff to amend or cross out certain portions of the "Release of Impounded Property" form before signing it. See Balfour Decl. at ¶ 6; Exhibit "A".

In February 2014, the City completed a topographical survey of the subject property in order to facilitate the design of the new Hauula Fire Station. See Doc.

30 at ¶ 11.  In January 2014, the City authorized its architect to begin the process of preparing the design of the new Hauula Fire Station.  See Doc. 30 at ¶ 12.

## ARGUMENT

A.   As a Matter of Law, The Subject Property is "Public Property".

As an initial matter, Plaintiff claims that her signs were not removed from "public property" within the meaning of the Revised Ordinances of Honolulu (1990), as amended ("ROH"), ch. 29.  See Plaintiff's Memorandum in Support of Motion for Summary Judgment ("Memo. in Supp."), CM/ECF Doc. No. 31-1, at 4. ROH § 29-19.2 defines "public property" as "all property that is owned, managed or maintained by the city, and shall include, but not be limited to any street, sidewalk, replacement sidewalk, medial strip, space, ground, mall, building, structure, public park, and any other property of the city."  (Emphasis added). While Plaintiff notes that there is ongoing litigation in state court between the City and her regarding whether the Hauula Fire Station Project is a "public purpose" or "public use," Plaintiff does not make a discernible argument as to why the City does not "own[], manage or maintain[]" the subject property.  Nor does Plaintiff make a discernible argument as to the relationship between "public property" as defined by the SPO and "public use" or "public purpose" in the context of a condemnation action.  In any event, as set forth in the City's Motion for Summary Judgment, filed June 25, 2014, CM/ECF Doc. No. 29, the subject property is

5

legally the property of the City and is "owned" by the City in all but bare legal title.

The City has also "managed" and "maintained" the subject property. For example, the City removed two sets of signs affixed to the subject property by Plaintiff, which were affixed without the City's permission or consent and in derogation of the City's exclusive rights to possession of the subject property. The City has also surveyed the subject property and has started designing the new Hauula Fire Station. See Doc. 30 ¶¶ 11, 12.

Plaintiff is simply wrong in her assertion that the subject property is not "public property." Her circular arguments and personal opinions as to the "public property" involved in this case must be rejected.

B.   The "Release of Impounded Personal Property" Form Does Not Require Plaintiff to Concede The Propriety of SPO Impoundment.

Plaintiff argues that by requiring her to sign the "Release of Impounded Personal Property" form before she is allowed to repossess her stored personal property, the City is engaging in unlawful or unconstitutional conduct because she is forced to "concede that the seizure was lawful or otherwise proper." See Memo. in Supp. at 2. This is nonsense. The plain reading of the "Release of Impounded Property" form demonstrates that the language that Plaintiff finds objectionable simply identifies the personal property removed and clarifies that the stored personal property was in fact removed pursuant to the procedures of ROH §

29-19.3 or Haw. Rev. Stat. § 52D-14.  Again, the "Release of Impounded

Property" form states in relevant part:

> Claimant asserts ownership of certain impounded personal property
> (removed from public property pursuant to the revised ordinances of
> Honolulu Section 29-19.3, as amended) or found property (removed
> from private property pursuant to the Hawaii Revised Statutes Section
> 52D-14, as amended) stored by the City and County of Honolulu,
> such property more particularly described as:

Exhibit "A".

Plaintiff fails to cite to any authority that indicates that the form is per se

illegal or unconstitutional, or that the form would adversely affect or impact any

legal rights on the part of the person signing it.  The purpose and effect of the

"Release of Impounded Property" form is to require a person claiming property

that was taken pursuant to ROH § 29-19.3 or Haw. Rev. Stat. § 52D-14 to

acknowledge that he/she in fact own such personal property.  Absent an

acknowledgment that Plaintiff actually owns the personal property she seeks to

have returned to her, the City is under no obligation to return such property to her.

Indeed, if Plaintiff's arguments were validated by the Court, the City would

be exposed to multiple competing claims from persons who assert ownership of

impounded personal property.  The form simply is the vehicle by which stored

personal property owners and the City are able to document the repossession of the

impounded personal property to the owner without exposing the City to potential

multiple claimants of the same property.  There is nothing "illegal" or "unconstitutional" about this relatively ministerial process and form.

Alternatively, even if the form is interpreted by the Court as requiring Plaintiff to acknowledge or acquiesce to the legality of what she perceived was an unconstitutional or illegal "taking," no such acknowledgement or acquiescence was sought at all by the City against Plaintiff in this case.  Indeed, with respect to the second set of signs that were removed by the City from the subject public property, the City allowed Plaintiff to modify or amend the form to exclude the language that she found objectionable.  See Declaration of W.D. Balfour, at ¶¶ 5-8.

The undisputed facts demonstrate that Plaintiff herself took advantage of the City's willingness to work with Plaintiff in terms of the 'receipt" form.  She cannot now complain that she was forced to sign a form that required her to "waive" or "concede" any of her rights.  See Brown Decl. at ¶ 17.

C.      No Post-Deprivation Hearing is Required.

Plaintiff appears to argue that her due process rights were violated because she was not provided a post-deprivation hearing.  See Memo. in Supp. at 7.  Plaintiff's arguments and citations miss the point inasmuch as they rely on the mistaken assumption that requiring a person to sign the "Release of Impounded Property" is illegal or unconstitutional.  Because Plaintiff's supposed

"concessions" are imagined, rather than based on law or fact, Plaintiff's arguments that she is entitled to a post-deprivation hearing fail.

To the extent that Plaintiff's memorandum is construed as attacking the constitutionality of the SPO due to the absence of a perceived constitutionally required post-deprivation hearing, this argument also fails. As this Court is well aware, the same argument was raised in De-Occupy Honolulu et al. v. City and County of Honolulu, Civil No. CV12-00668 JMS-KSC (D. Haw.) The Court noted as follows: "[a]t every step-pre-seizure, post-seizure, and pre-destruction — the City is required to 'announce its intentions' and allow Plaintiffs the opportunity to either move their items away from public property to avoid seizure or retrieve them post-seizure." See id. at p. 14. This Court also noted that "[b]y giving these opportunities to prevent permanent deprivation of Plaintiffs' possessions, the process outlined in Article 19 appears wholly reasonable . . . and Plaintiffs offer no explanation of how a hearing would add any additional value to prevent the erroneous deprivation of personal property." Id. at 15.

The same analysis applies in this case: here, there is nothing that prevents Plaintiff from repossession her stored personal property. She offers no explanation how any hearing would not add any value to prevent the erroneous deprivation of her personal property. The Court must similarly reject Plaintiff's Motion on this basis as well.

D.   Plaintiff Was Provided A Meaningful Opportunity to Seek
     Compensation of the Damaged Sign.

Plaintiff claims that she "was provided no meaningful opportunity to seek

compensation for the damaged sign[.]" See Memo. in Supp. at 7.  This is simply

not true.  Shortly after Plaintiff's signs were removed by the City from its property,

City personnel informed Plaintiff that if she wanted to seek compensation for any

damage done to her signs, she should file a claim with the Department of the

Corporation Counsel.  See Sato Decl. at ¶¶ 4, 5.  Plaintiff was provided with the

name and telephone number the Deputy Corporation Counsel who would be able

to assist her.  Id. at ¶ 5.  Plaintiff chose not to file a claim or contact the City's

attorney who would have been able to assist her.  See Wong Decl. at ¶ 3.  The

Department of the Corporation Counsel has not received any claim for damages

regarding this incident. Id. at ¶ 4.

Plaintiff cannot now complain that she has been deprived of her personal

property when she herself failed to take immediate, reasonable and mitigating

actions to prevent her own damages.  She has no one but herself to blame for the

predicament in which she finds herself.

For these reasons, the City, and not Plaintiff, is entitled to summary

judgment on all of Plaintiff's claims.

E.     The City is Entitled to Summary Judgment On Plaintiff's
       Replevin Claim

Even if Plaintiff were correct that her signs were neither found on "public property" nor "found property", the City is entitled to summary judgment on Plaintiff's replevin claim.  Replevin is a proceeding by which the owner or one who has an interest in chattel wrongfully taken or detained seeks to recover possession of the chattel.  See 66 Am. Jur. 2d Replevin § 1 (2014).  It is a remedy that is designed to restore possession of property to a party entitled to possession. Id.

Plaintiff's signs were neither wrongfully taken nor detained.  As set forth in detail in the City's Memorandum in Support of its Motion For Summary Judgment, Plaintiff was trespassing on City property and illegally and unlawfully placed her signs on the City's property.  The signs were placed in the ground with cement footings without the City's consent or permission.  The City removed the signs under the SPO and stored them at its Laie facility.

There is nothing in the record to demonstrate the signs were "wrongfully taken" or "detained."  Indeed, Plaintiff has already retrieved the second set of signs placed on the subject property.  She was permitted to revise/amend the City's receipt form to her liking.  The City remains willing and able to return Plaintiff's signs to her upon her signing the standardized form that indicates that she asserts ownership over the signs.

Because there is no admissible evidence before the Court that demonstrates that the City's conduct was "wrongful," and because the City has always stood ready and willing to return Plaintiff's signs to her, Plaintiff's replevin claim must fail as a matter of law. There are no genuine issues of material fact and the City is entitled to summary judgment in its favor on Plaintiff's replevin claim.

F.    The City is Entitled To Summary Judgment On Plaintiff's
      Due Process Claim

Plaintiff claims that "[o]f course Ms. James' entitlement to replevin without first making a concession of the propriety of the seizure should have been avoided. Notice and an opportunity to be heard is the cornerstone of due process." See Memo. in Supp. at 6. Not only has the City been willing to cross off the language that Plaintiff deems offensive in the form, or otherwise amend the form to omit the offending language, a plain reading of the form in its entirety does not require a "concession of the propriety of the seizure" at all.

Furthermore, Plaintiff states that she "was provided no meaningful opportunity to seek compensation for the damaged sign[.]" See Memo. in Supp. at 7. The relevant portion of the SPO states that "the owner of impounded personal property shall bear the responsibility for the risk of any loss or damage to the impounded property." ROH § 29-19.5. Certainly, Plaintiff should have been aware that illegally placing signs on City property with concrete footings would require heavy machinery to remove them, and that there was a reasonable risk of

12

damage to the signs.  In any event, the City did in fact inform Plaintiff that if she

wanted compensation for her damaged sign, she should file a claim with the City's

Department of the Corporation Counsel.  See Sato Decl. at ¶¶ 3, 4.  No such claim

was filed.  See Wong Decl. at ¶¶ 4, 5.  Plaintiff should not be allowed to run to this

Court and seek its assistance when she herself caused her own damages in the first

place.

    Plaintiff cites to Fuentes v. Shevin, 407 U.S. 67 (1972), to support her claim.

Reliance on Fuentes in entirely misplaced.  In Fuentes, the United States Supreme

Court held that a state deprived the plaintiffs of a possessory interest in property by

removing the property from plaintiffs' homes.  The Fuentes court noted that "[a]t a

later hearing, an individual's possessions can be returned to him if they were

unfairly or mistakenly taken in the first place." Id. at 81-82 (citations

omitted)(emphasis added).

    Here, the signs were illegally placed on City property.  The City's actions to

remove the illegally placed signs cannot as a matter of law be characterized as

unfair, mistaken, or illegal.  The City has sole possessory rights over the subject

property, and the subject property is "public property" for purposes of the SPO.

Plaintiff, in fact, trespassed on City property when she cemented her signs into the

ground.  She is in no position to claim that her constitutional rights were violated

when she herself violated the law.

13

G.   The City is Entitled To Summary Judgment On Plaintiff's
     Conversion Claim.

Plaintiff contends that her personal property was "converted" when "the City

abused Ms. James' signs when the City damaged the signs during the removal

from 54-282 Kamehameha Highway." Memo. in Supp. at 8.  The City's removal

of Plaintiff's signs, which were illegally placed on the subject property, is clearly

not an "illegal use or abuse of the chattel." See Freddy Nobriga Enter., Inc. v.

Dep't of Hawaiian Home Lands, 129 Haw. 123, 129, 295 P.3d 993, 999 (Haw. Ct.

App. 2013) (citations omitted).  The City has a legal right to remove trespassory

objects and individuals.

Next, Plaintiff argues that the City "did, and continues to, wrongfully detain

the signs contingent upon [Plaintiff's] willingness to concede to the "public" nature

of her real property and/or that the signs were 'lost.' " See Memo. in Supp. at 9.

The City has not wrongfully detained Plaintiff's signs.  The undisputed facts show

that the City is and has been willing to return Plaintiff's signs as soon as Plaintiff

acknowledges in writing that the signs are her property.  Her signs have not been

"converted" as a matter of law.  Based on the undisputed facts, the City is entitled

to summary judgment on Plaintiff's conversion claim.

14

H.     The City is Entitled to Summary Judgment on Plaintiff's
       Trespass to Chattels Claim.

Plaintiff argues that she is entitled to summary judgment on her trespass to chattels claim because (1) at least one of her signs was damaged while it was being removed, and (2) Plaintiff has been deprived of the use of her signs for a substantial amount of time. See Memo. in Supp. at 9, 10.  As argued above, Plaintiff was given every opportunity to seek damages to her signs, if any, but she chose not to, and Plaintiff has not in fact been deprived of use of her signs.  She has always had the opportunity, and continues to have the opportunity to retrieve her signs.  The purpose and effect of the receipt form is simply to require Plaintiff to assert ownership over the signs, and to identify the signs as those that were removed pursuant to the Stored Property Ordinance.

Plaintiff cannot be heard to complain that she was forced to sign a form that somehow exonerates the City from civil liability.  In fact, Plaintiff was permitted to modify the very form that she found offensive and was permitted to delete language with which she disagreed.  She should not be allowed to complain that by requiring her to sign the receipt form the City was engaging in "illegal" or "unconstitutional" conduct.  Her Motion must be rejected.

## CONCLUSION

Based on the above, Plaintiff's Motion For Summary Judgment And/Or

Partial Summary Judgment Filed June 25, 2014 must be denied.

DATED:  Honolulu, Hawaii, July 14, 2014.

DONNA Y. L. LEONG
Corporation Counsel

*/s/ Paul S. Aoki*

PAUL AOKI
ERNEST H. NOMURA
NICOLETTE WINTER
Deputies Corporation Counsel

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

16