IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHOON JAMES,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; and, John Does 1-50 in their individual or official capacities.<br><br>        Defendants. | CIVIL NO. CV 13-00397 JMS-BMK<br><br>DECLARATION OF LANI BROWN |

## **DECLARATION OF LANI BROWN**

I, LANI BROWN, declare as follows:

1. I am the District Superintendent of the Division of Road Maintenance, Department of Facility Maintenance ("DFM"), City and County of Honolulu ("City"). I have been employed in the Division since October 1983.

2. DFM's Division of Road Maintenance is responsible for the storage of personal property removed pursuant to the City's Stored Property Ordinance ("SPO").

3. I have personal knowledge and am competent to testify on the matters set forth herein.

4. On June 3, 2013, I was working at the Laie Corporation Yard. A woman who identified herself as Ms. Choon James came to the yard to request retrieval of two signs that were impounded under the SPO on May 29, 2013.

5. I did not know who the owner of the signs that were impounded on May 29, 2013 was until Ms. James arrived at the Laie Corporation Yard on June 3, 2013, and claimed ownership of the signs. There was no ownership identification information on any of the signs.

6. I asked Ms. James if she wanted to take her signs, and offered to drop off the signs.

7. Ms. James indicated that she would return at a later time to retrieve the signs.

8. Sometime later that day, or the next morning, I was informed that individuals wishing to retrieve stored personal property needed to sign a standardized form that certifies that they are the owners of the stored property before the stored personal property is released to them. Laie Corporation Yard did not yet have the standardized form.

9. Ms. James returned to Laie Corporation Yard the next day, on June 4, 2013, in order to retrieve the signs.

10. I informed Ms. James that I needed to obtain the standardized form for her to sign before she could retrieve the stored personal property.

11.    I allowed Ms. James to take a video and/or pictures of her signs.

12.    On June 13, 2013, Ms. James returned to Laie Corporation Yard to retrieve the signs. I presented her with the "Release of Impounded Personal Property" form to sign.

13.    I informed Ms. James that the City would release the signs to her if she signed the form, but that her signs would not be release if she refused to sign the form that certified ownership of the signs.

14.    Ms. James refused to sign the form. She did not request to have the form modified.

15.    The City was and is willing to allow Ms. James to retrieve her signs so long as she signs the standardized form that states that she asserts ownership over the signs. If she wishes to modify the form to delete or amend any objectionable language, the City would be happy to consider her proposed modifications.

I DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, July 11, 2014.

_____
LANI BROWN