RICHARD L HOLCOMB (HI Bar No. 9177)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@gmail.com
Email: brianbrazier@gmail.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Choon James,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>City and County of Honolulu; and, John Does 1-50 in their individual or official capacities.<br><br>　　　　　　Defendants.<br>_____ | CASE NO. 1:13-cv-00397 JMS BMK<br><br>**PLAINTIFF CHOON JAMES' CONCISE STATEMENT OF FACTS IN OPPOSTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Docs. 29, 30]; DECLARATION OF CHOON JAMES; DECLARATION OF RICHARD L. HOLCOMB; EXHIBITS  ONE THROUGH EIGHTEEN  ; CERTIFICATE OF SERVICE** |

**CONCISE STATEMENT OF FACTS IN OPPOSTION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1(b) of the Local Rules of Practice for the United States District Court for the District of Hawai'i, Plaintiff Choon James hereby submits her separate concise statement of material facts in opposition to Defendant's Motion for Summary Judgment [Docs 29, 30].

| No. | FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1 | Ms. James **admits** Paragraph 1 of Defendant's Concise Statement of Facts.  On April 21, 2010, Defendant did file a condemnation action against the described property. | [Doc. 30 ¶ 1] |
| 2 | Ms. James **admits** Paragraph 2 of Defendant's Concise Statement of Facts.  The City did pay into the office of the Chief Clerk of the circuit court.  However, Ms. James **denies** that $521,000 is "just compensation for condemnation of the subject property." | [Doc. 30 ¶ 2] |
| 3 | Ms. James **admits** Paragraph 3 of Defendant's Concise Statement of Facts.  On April 27, 2010, the City filed the described *ex parte* motion. | [Doc. 30 ¶ 3] |
| 4 | Ms. James **denies** Paragraph 4 of Defendant's Concise Statement of Facts.  Although Ms. James admits the authenticity of the document, the Order was stamped by the Circuit Court Judge on April 26, 2010, the day before the City filed its *ex parte* motion. | [Docs. 30 ¶ 4, 30-5] |
| 5 | Ms. James **admits** Paragraph 5 of Defendant's Concise Statement of Facts.  Ms. James filed a Motion to Set Aside on May 28, 2010. | [Doc. 30 ¶ 5] |
| 6 | Ms. James **admits** Paragraph 6 of Defendant's Concise Statement of Facts.  An Order Denying the Motion to Set Aside was entered on December 28, 2010. | [Doc. 30 ¶ 6] |
| 7 | Ms. James **denies** Paragraph 7 of Defendant's Concise Statement of Facts.  Until the filing of the instant lawsuit, Defendant acted completely | Decl. Choon James ¶¶ 11-16; Exhs. 11-14 |

1

|   | | |
|---|---|---|
|   | inconsistently with its new proposition that it "took possession" in June 2010. | |
| 8 | Ms. James **denies** that she and her husband were *mistakenly* assessed with property taxes during 2010, 2011, 2012, and 2013. The City specifically assessed Mr. and Ms. James with property taxes. However, Ms. James **admits** that checks were sent after the filing of this lawsuit. | [Doc. 30 ¶ 8]; *See* ¶¶ 22-24, below. |
| 9 | Ms. James **denies** Paragraph 9 of Defendant's Concise Statement of Facts. Although some of the causes of action in the instant lawsuit stem from the City's unlawful entry and removal of the signs, the City also refused to return the signs after Ms. James lawfully demanded such return. | [Doc. 30 ¶ 9; *see* Docs. 1, 31, 32] |
| 10 | Ms. James **admits** that the Order had been entered but **denies** that the City had taken possession of the subject property at the time the signs were unlawfully removed. | [Doc. 30 ¶ 10]; Decl. Choon James ¶¶ 11-16; Exhs. 11-14 |
| 11 | Ms. James **denies** Paragraph 11 of Defendant's Concise Statement of Facts. While Ms. James has no information that a survey was completed after the filing of this lawsuit, Ms. James denies that any such survey was completed "in order to facilitate the design of the new station." | Decl. Choon James ¶ 8; Exhs. 1-10 |
| 12 | Ms. James **denies** Paragraph 12 of Defendant's Concise Statement of Facts. The City Council has not funded the purported fire station. Ms. James has no information as to whether an architect has begun working on a design for a fire station that the City Council has not funded. | Decl. Choon James ¶ 8; Exhs. 1-10 |
| 13 | In 2009, the City Council approved $1,000,000 for the acquisition of Ms. James property and the neighboring lot. | Decl. Choon James ¶ 8(a); Exh. 1 |
| 14 | In 2010, the City Council approved $100,000 for planning and design of the Hauula fire station. | Decl. Choon James ¶ 8(b); Exh. 2 |
| 15 | Since 2010 and with the exception of 2011, the Bill proposing the annual City budget contains a line item requesting various amounts for the supposed Hauula fire station. | Decl. Choon James ¶¶ 8(d) – 8(f); Exhs. 5, 7, 9 |

| 16 | No money was proposed for the purported Hauula fire station in 2011. | Decl. Choon James ¶ 8(c); Exhs 3-4 |
|---|---|---|
| 17 | Each year since 2011, the City Council has specifically "deleted" the purported Hauula fire station line item from the "budget bill" and approved no funding for the purported fire station since 2010. | Decl. Choon James ¶¶ 8(d)-8(f); Exhs. 5-10 |
| 18 | From the filing of the condemnation action on April 21, 2010 until the filing of this lawsuit, Ms. James maintained the property. Ms. James paid a private individual to mow the subject property in 2012 until the filing of this lawsuit in 2013. | Decl. Choon James ¶¶ 11-12; Exh. 11 |
| 19 | On September 14, 2011, Ms. James was cited for not mowing the subject property. Ms. James corrected the issue and/or paid any money due. | Decl. Choon James ¶ 13; Exh. 12 |
| 20 | On October 4, 2011, Ms. James was cited for "grubbing without a permit." | Decl. Choon James ¶ 14; Exh. 13 |
| 21 | Ms. James corrected the purported "illegal grubbing" on the subject property as instructed by the City and paid any money due. | Decl. Choon James ¶ 14; Exh. 13 |
| 22 | Ms. James (and her husband, Mark) were assessed with taxes on the property from the filing of the condemnation action until the filing of this lawsuit. | Decl. Choon James ¶ 15: Exh. 14 |
| 23 | Ms. James paid the assessed property taxes on the subject property from the filing of the condemnation action until the filing of this lawsuit. | Decl. Choon James ¶ 15; Exh. 14 |
| 24 | Although after the filing of this lawsuit, the Department of Taxation sent checks to Ms. James claiming that it was reimbursing Ms. James for "mistaken" tax assessments, those checks have not been cashed. | Decl. Choon James ¶ 16 |
| 25 | Aside from the removal of the signs, the City had done no other work on the property other than "monitoring" it, during the time between the filing of the condemnation action and the filing of the instant lawsuit. | Decl. Choon James ¶ 28; Decl. of Richard L. Holcomb ¶ 4; Exh. 18 (Adm. p. 8, No. 22) |
| 26 | The City did not erect "No Trespassing" signs or | Decl. Choon James ¶¶ 11, |

3

|    |                                                                                                                                                                                                                                                                                                                                  |                               |
|----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------|
|    | take any other steps to prevent anyone, including Ms. James, from entering the property. It was not until after the filing of this lawsuit that the City notified the undersigned counsel that Ms. James was purportedly "trespassing" on her own property. | 29; Exh. 15                   |
| 27 | The Honolulu Circuit Court has not determined whether the condemnation of the property is for a public purpose. | Decl. Choon James ¶ 6 |
| 28 | The signs erected by Ms. James were similar in size, nature and (for at least one) content as numerous other signs in the vicinity of 54-282 Kamehameha Highway. | Decl. Choon James ¶ 31; Exh. 17 |

DATED: Honolulu, Hawaii; July 14, 2014

*s/Richard L. Holcomb*
Richard L. Holcomb
Attorney for Plaintiff James
