IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Choon James,<br><br>          Plaintiff,<br><br>     vs.<br><br>City and County of Honolulu;<br>and, John Does 1-50 in their individual<br>or official capacities.<br><br>          Defendants. | CASE NO. 1:13-cv-00397 JMS BMK<br>**DECLARATION OF PLAINTIFF<br>CHOON JAMES** |

## DECLARATION OF PLAINTIFF CHOON JAMES

1. My name is Choon James.  I am the Plaintiff in the above-styled case.

2. I have reviewed the foregoing Concise Statement of Facts and believe that all factual averments in that document are true.

3. I own the property located at 54-282 Kamehameha Highway.

4. On April 21, 2010, the City filed a condemnation action against that property in the Circuit Court for the First Circuit for the State of Hawaii.

5. Since April of 2010, I have opposed the condemnation and have litigated against the City in the Circuit Court.

6.  That litigation is ongoing.  The Circuit Court has not yet determined whether the taking of my property is for a "public purpose" as required by the Fifth Amendment of the United States constitution and/or state law.

1

7. In fact, the City initially claimed that the taking of my property was to build a fire station. I have doubted the sincerity of the City's claim because the City also condemned the neighboring lot, which is the size of the lots on which most other fire stations are built. Moreover, the area is very rural and the need for a fire station, particularly one that is twice the size of others, is at best questionable.

8. I have closely monitored all City Council action relevant to my property. The City Council has taken the following action:

   a. In 2009, the City Council approved $1,000,000 for the "acquisition of property." This is presumably the money used to purchase my neighbor's lot and to place $521,000 in escrow with the Circuit Court on my lot. **Exhibit One** is a true and exact copy of the relevant portion of the ordinance that was passed by the City Council.

   b. In 2010, the City Council approved an additional $100,000 for the "planning and design" of the purported Hauula fire station. I do not know what the City has done with that money and, insofar as "planning and design" occurred or began, it is unclear whether the planning or design occurred on my lot or the neighboring lot. **Exhibit Two** is a true and exact copy of the relevant portion of the ordinance that was passed by the City Council.

2

c. In 2011, the Capital Budget was proposed as Bill 14 (2011). The Bill did not propose any funding for the purported Hauula fire station. **Exhibit Three** is a true and exact copy of the relevant portion of Bill 14 (2011). Accordingly, no funding was approved for the purported Hauula fire station. **Exhibit Four** is a true and exact copy of the relevant portion of Bill 14 (2011) as adopted by City Council.

d. In 2012, the Capital Budget was proposed as Bill 15 (2012). Under the subheading "Hauula Fire Station Relocation," the Bill proposes $650,000 to "plan, design and construct new fire station." **Exhibit Five** is a true and exact copy of the relevant portion of Bill 14 (2012). However, the entire line item entry entitled "Hauula Fire Station Relocation" was deleted from the version of the Bill that City Council adopted. **Exhibit Six** is a true and exact copy of the relevant portion of Bill 15 (2012). No funding was approved to "plan, design and construct [the] new fire station."

e. In 2013, the Capital Budget was proposed as Bill 12 (2013). Under the subheading "Hauula Fire Station Relocation," the Bill proposes $750,000 to "plan and design a replacement fire station." **Exhibit Seven** is a true and exact copy of the relevant portion of Bill 112 (2013). However, the entire line item entry entitled "Hauula Fire Station Relocation" was

3

deleted from the version of the Bill that City Council adopted.  **Exhibit Eight** is a true and exact copy of the relevant portion of Bill 15 (2012). No funding was approved to "plan and design a replacement fire station."

f.  In 2014, the Capital Budget was proposed as Bill 13 (2014).  Under the subheading "Hauula Fire Station Relocation," the Bill proposes $750,000 to "plan and design a replacement fire station."  **Exhibit Nine** is a true and exact copy of the relevant portion of Bill 13 (2014).  However, the entire line item entry entitled "Hauula Fire Station Relocation" was deleted from the version of the Bill that City Council adopted.  **Exhibit Ten** is a true and exact copy of the relevant portion of Bill 13 (2014).  No funding was approved to "plan and design a replacement fire station."

Each of these documents, in their entirety, is available on the City's Department of Budget and Fiscal Services' website at the following address:

http://www.honolulu.gov/cms-bfs-menu/site-bfs-sitearticles/6412-fiscal-year-2015-executive-program-and-budget.html

9.  I was surprised to learn that the City is now claiming that an architect has been authorized to begin planning the purported Hauula fire station.  The City Council has not authorized any funding for such planning since 2010.  Further, it is unclear whether any architectural design or planning even contemplates the use of my lot or whether it is limited to the neighboring lot, which it is my understanding

4

the City purchased from the previous owner.

10.  Moreover, I do not know for what purpose, public or otherwise, the City now attributes to its attempts to take my property.  It certainly does not appear that the City Council wishes to build a Hauula fire station on my property.

11.  Nevertheless, between the filing of the City's condemnation action against my property on April 21, 2010 and the filing of the instant lawsuit on August 13, 2013, the City treated me as and I conducted myself as the owner of the property.

12.  For example, I paid to have the lot mowed each and every time it was mowed.  **Exhibit Eleven** is a true and exact copy of the invoices I received from the individual I hired to mow my lot in 2012 and 2013.  I paid each of these invoices.  I also did work on the lot  myself during the relevant time period.

13.  Further, when I did not mow the lot frequently enough, the City cited me for having an overgrown lot at 54-282 Kamehameha Highway.  **Exhibit Twelve** is a true and exact copy of the Notice of Violation from the City's Department of Planning and Permitting's website.  On September 14, 2011, I was cited for having the "Vacant Lot Overgrown."  As shown by the notice as well as the invoices that comprise Exhibit Eleven, I remedied this matter and paid any money due.

14.     I also received a citation on October 4, 2011 for "grubbing work without a permit" at 54-282 Kamehameha Highway.  **Exhibit Thirteen** is a true and exact copy of the Notice of Violation from the City's Department of Planning and Permitting's website as well as a true and exact copy of the Notice of Violation and the envelope with certified postage in which the Notice was sent to me. I also remedied this matter and paid any money due.

15.     I was also assessed with and paid property taxes on my property located at 54-282 Kamehameha Highway during the relevant time period. **Collective Exhibit Fourteen** is a true and exact copy of the assessments as reported on the City's "Public Access" website and specifically http://honolulupropertytax.com.  Following the City's assessment are true and exact copies of the checks I sent to the City to pay the tax.  I obtained those copies from my bank and the checks are return checks showing that the City cashed my checks and accepted payment.

16.     Only after the filing of this lawsuit did the City send me checks purporting to refund the tax money to me.  I did not cash those checks as I do not know what effect the cashing of the checks may have on the condemnation action, or whether the City may use the non-payment of taxes as another excuse to take my property.  I also believe that I am the rightful owner of the property and believe that it is my responsibility to pay taxes on my property.

17.I erected two signs on my property to protest the City's taking of my property, which I believe to be an abuse of eminent domain. I did so as an exercise of my First Amendment rights. The signs stated "YOUTUBE: Eminent Domain Abuse Hawaii" and "Eminent Domain Abuse Who's Next?"

18. Nevertheless, on or about May 30, 2014, I was informed by a neighbor of the property that my signs had been removed. The neighbor informed me that the sign had been removed using a bulldozer.

19. The neighbor also informed me that a "note" had been left on the property near where the signs were erected. I went to the property and found two "Storage and Removal Notices" purportedly left by the City pursuant to Chapter 29, Article 19. [Doc. 32-5]

20. I never gave permission to the City to take my signs.

21. After contacting the City, I attempted to retrieve my signs from Laie Refuge Convenience Center where the City was storing the signs.

22. I was permitted to view the signs and found that at least one of the signs was damaged to the extent that it is destroyed. The plywood where the message was painted was damaged and all of the posts were broken. It was impossible for me to evaluate the extent of the damage during this brief inspection of the signs.

23.   Moreover, the City would not let me take possession of the signs unless and until I signed a document entitled "Release of Impounded Property."  That document stated:

> CLAIMANT ASSERTS OWNERSHIP OF CERTAIN IMPOUNDED PERSONAL   PROPERTY   (REMOVED   FROM   PUBLIC PROPERTY PURSUANT TO THE REVISED ORDINANCES OF HONOLULU   SECTION   29-19.3,   AS   AMENDED)   OR   FOUND (REMOVED   FROM   PRIVATE   PROPERTY   PURSUANT   TO THE   HAWAII   REVISED   STATUTES   SECTION   52D-14,   AS AMENDED)   STORED   BY   THE   CITY   AND   COUNTY   OF HONOLULU . . ."

[Doc. 32-6]

24.   I refused to sign the document because the Circuit Court had not (and still has not) determined that my real property is "public property."  I also had not lost or abandoned the signs.  Further, I had no idea what effect such a statement might have on my pending litigation against the City in regards to the condemnation of the property.

25.   The City refused to return my signs unless and until I signed the form containing the statements that I believe to be untrue.

26.   The City did not offer to compensate me for either sign, including the one that it damaged.

27.   I was never and still have not been offered any hearing where the issues contained on and my refusal to sign the "Release of Impounded Property"

could be addressed and/or resolved. I have never been offered a hearing to determine the amount of compensation for the sign that the City damaged.

28. The City has done no work on the property at all. To my knowledge, from the filing of the condemnation action until at least the filing of the instant lawsuit, the City never even entered the property with the sole exception of taking my signs.

29. It was not until after this lawsuit was filed that the City ever took issue with my exercise of possessory interest in the property. On August 21, 2013, my lawyer provided me a copy of a certified letter from Deputy Corporation Counsel Paul Aoki. In that letter, Mr. Aoki threatened me that if I entered my own property, I would be charged with criminal trespassing. Moreover, he threatened that any of my property left on my own lot would be taken without notice. A true and exact copy of Mr. Aoki's letter is attached as **Exhibit Fifteen**.

30. Also, Mr. Aoki wrote my tenant, Reynolds Recycling, instructing them to leave my lot. This was a breach of the agreement I had with Reynolds. In no way did Reynolds operation interfere with the City's operations, particularly as the purported fire station has not even been funded. A true and exact copy of that letter is attached as **Exhibit Sixteen**.

31. My signs were no different than numerous other signs that are in the vicinity of my lot at 54-282 Kamehameha Highway. Attached as **Exhibit**

**Seventeen** are true and exact copies of pictures I took of signs that are similar in nature, size, and form (and as to a few, content) to those the City took from me. Those signs have not been removed by the City. The attached photographs have not been edited with the exception of a description of the location I typed onto the photograph. I believe those descriptions of the locations to also be true and accurate. The descriptions have not been altered in any way since I typed them onto the photograph.

I, Choon James, do declare under penalty of law that the fore-going is true and correct to the best of my knowledge.

DATED:  Honolulu, Hawaii, July 14, 2014.

_____
Choon James