DEPARTMENT OF THE CORPORATION COUNSEL
DONNA Y. L. LEONG            3226-0
Corporation Counsel
PAUL S. AOKI                 1286-0
ERNEST H. NOMURA             4829-0
NICOLETTE WINTER             9588-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone No. (808) 768-5132
E-Mail:  paoki@honolulu.gov
         enomura@honolulu.gov
         nwinter@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHOON JAMES,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; and John Does 1-50, in their individual or official capacities,<br><br>            Defendants. | CIVIL NO. CV13-00397 JMS-BMK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS |
|---|---|

DEFENDANT CITY AND COUNTY OF HONOLULU'S
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant City and County of Honolulu ("City"), pursuant to Rule 36 of the Federal Rules of Civil Procedure, responds to Plaintiffs' Request for Admissions as follows:

## GENERAL RESPONSES AND OBJECTIONS TO ADMISSIONS

1. The City objects to the admission requests to the extent that they ask for the disclosure of privileged communications, information that is protected attorney work product, and information concerning documents and tangible things prepared in anticipation of litigation and/or trial.

2. Discovery, investigation, and trial preparation have not been completed. Any and all answers to the Admission requests are based only on information and documents available to the City at the time the responses and objections were prepared.

3. The City objects to each admission request to the extent that it calls for legal conclusions or otherwise attempts to re-cast legal issues as factual matters. See, e.g., Lakehead Pipe Line Co. v. Am. Home Assurance Co., 177 F.R.D. 454, 458 (D. Minn. 1997)(finding requests for ratification of legal conclusions applied to operative facts of the case to represent improper request for admission of pure matter of law); English v. Cowell, 175 F.R.D. 132, 135 (C.D. Ill. 1986)(holding that requests for admission of existence of statute or that party is subject to statute constitute improper requests for legal conclusions).

Without waiving said objections, the City responds to Plaintiff's First Request for Admissions as follows:

## REQUESTS FOR ADMISSION

1. Prior to the initiation of Civil No. 10-1-0863-04 (RAN), a condemnation action filed by the City in the Hawai'i Circuit Court for the First Circuit on April 21, 2010, Mark Olov James and Choon Huay James were the lawful owners of real property located at 54-282 Kamehameha Highway, otherwise described as Lot 121, area 20,300 square feet, as shown on Map 10 filed on the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application 1266 of Ida Elizabeth Von Holt and being all of the land described in Transfer Certificate of Title No. 784,084 issued to Mark Olov James and Choon Huay James.

ADMIT ____√____          DENY _____

2. After the initiation of the condemnation action, the City filed an *ex parte* request for possession of the property.

ADMIT ____√____          DENY _____

3. Trial on the issue of public use is scheduled in the eminent domain case for April 21, 2014.

ADMIT _____          DENY ____√____

4. As of the filing of the complaint in the above-captioned case, the City did not own the property subject to the complaint.

ADMIT _____          DENY ____√____

In addition to the above general objections, the City objects to this Request on the ground that it represents an improper request for admission of a pure matter of law. See General Objection No. 3. It calls for a legal conclusion rather than an admission of fact. The term "own" has a distinct legal meaning. The City also objects to the term "own" as vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, the City denies the request. At the time of the filing of the complaint in the above-captioned case, the City had possessory rights over the property subject to the complaint, which is one of the main rights that comprises legal "ownership". Plaintiff had bare legal title to the property subject to the eminent domain complaint, and lacked all other "ownership" rights.

5.   As of the filing of the complaint in the above-captioned case, the City did not manage the property subject to the complaint.

ADMIT _____          DENY _____√_____

In addition to the above general objections, the City objects to this Request on the ground that the term "manage" is vague and ambiguous. Subject to and without waiving the foregoing General and Special Objections, the City denies the request.

6.   As of the filing of the complaint in the above-captioned case, the City did not maintain the property subject to the complaint.

ADMIT _____          DENY _____√_____

In addition to the above general objections, the City objects to this Request on the ground that the term "maintain" is vague and ambiguous. Subject to and without waiving the foregoing the General and Special Objections, the City denies the request.

7. The City sent Plaintiff invoices for property taxes on the property during 2010, 2011, 2012, and 2013, which Plaintiff paid.

ADMIT _____√_____     DENY _____

8. After the filing of the complaint in the above-captioned case, Plaintiff payed [sic] to have the grass mowed on the property in question.

ADMIT _____     DENY _____√_____

In addition to the above general objections, the City objects to this request on the ground that it is vague, ambiguous, and overbroad. Subject to and without waiving the foregoing the General and Special Objections, the City denies the request.

9. Plaintiff erected two signs with concrete footings on the subject property. One of the signs said "YOUTUBE: Eminent Domain Abuse Hawaii" and the Other said "Eminent Domain Abuse Who's Next?".

ADMIT _____√_____     DENY _____

10. Plaintiff's signs were of the size and nature of numerous other signs existing in the area of the subject property.

ADMIT _____     DENY _____√_____

In addition to the above general objections, the City objects to this request on the ground that it is vague, ambiguous, compound and not specific enough. Based on the above, the City denies the request.

11.   On May 29, 2013, Defendants removed the two signs and the concrete footings.

ADMIT ____√____                    DENY _____

12.   The City did not receive the permission of Plaintiff prior to the removal of the signs.

ADMIT ____√____                    DENY _____

13.   One of the signs was damaged while it was being removed from the ground.

ADMIT ____√____                    DENY _____

14.   Defendants removed the signs to an offsite storage location.

ADMIT ____√____                    DENY _____

15.   Defendants left, at or near the area where the signs were erected, two "Storage and Disposal Notice[s]."

ADMIT ____√____                    DENY _____

16. The City knew Plaintiff's contact information at the time of the removal of the signs.

ADMIT _____     DENY ____√_____

The City objects to this request on the ground that it is a vague, ambiguous, and incomplete request. Subject to and without waiving the foregoing General and Special Objections, the City denies the request.

17. The City made no effort to inform Plaintiff of the anticipated removal of the signs.

ADMIT _____     DENY ____√_____

18. After seizure, the City was willing to release the signs to Ms. James if she would sign a "Release of Impounded Personal Property" form, stating: 'CLAIMANT ASSERTS OWNERSHIP OF CERTAIN IMPOUNDED PERSONAL PROPERTY (REMOVED FROM PUBLIC PROPERTY PURSUANT TO THE REVISED ORDINANCES OF HONOLULU SECTION 29-19.3, AS AMENDED) OR FOUND PROPERTY (REMOVED FROM PRIVATE PROPERTY PURSUANT TO THE HAWAII REVISED STATUTES SECTION 52D-14, AS AMENDED) STORED BY THE CITY AND COUNTY OF HONOLULU . . ."

ADMIT ____√_____     DENY _____

19. The signs were not released because Ms. James refused to sign the release form.

ADMIT ____√_____     DENY _____

7

20. The signs have not been returned by the City.

ADMIT ____√____ DENY _____

21. No hearing was provided to Plaintiff regarding the seizure or impoundment of the signs.

ADMIT ____√____ DENY _____

22. Aside from the removal of the signs, the City had done no other work on the property other than monitoring it, as of the filing of this complaint.

ADMIT ____√____ DENY _____

DATED: Honolulu, Hawai`i, May 1, 2014.

DONNA Y.L. LEONG
Corporation Counsel

*/s/ Paul Aoki*

PAUL AOKI
ERNEST H. NOMURA
NICOLETTE WINTER
Deputies Corporation Counsel

Attorneys for Defendant