## RELEASE, INDEMNIFICATION AND SETTLEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

This Release, Indemnification and Settlement Agreement ("Agreement") memorializes the settlement of the claims of RELEASOR Choon James as set forth in the Complaint For Deprivation of Civil Rights, Damages, Declaratory and Injunctive Relief, Civil No. 13 00397 JMS[1] BMK ("Lawsuit").

The undersigned parties to this document agree as follows:

1.    This document is a Release, Indemnification and Settlement Agreement (hereinafter, "Agreement").

2.    <u>Named Party, PLAINTIFF/RELEASOR</u>.   Choon Huay James shall be hereinafter referred to as "RELEASOR":

3.    <u>Named Party, DEFENDANT/RELEASEE</u>. The City and County of Honolulu shall be referred to as "RELEASEE":

4.    <u>Definition of Terms.</u>

   a.    <u>RELEASOR AND RELEASEE.</u>   Unless otherwise expressly stated in this Agreement, the terms "RELEASOR" and "RELEASEE", shall MEAN and be deemed to INCLUDE all of the following: the Named Parties and their respective past, present and future officers, directors, shareholders, officials, members, co-owners, co-tenants, general partners, limited partners, joint venturers, principals, employees, agents, managing agents, experts, attorneys, parent companies, subsidiaries, spouses, heirs, devisees, executors, administrators, trustees, beneficiaries, receivers, guardians, insurers, reinsurers, sureties, subrogees, representatives, successors, and assigns; and all persons, corporations, partnerships, companies or entities claiming by, through, or under any of the named parties.

   b.    <u>Number.</u>    In this Agreement, the singular shall include the plural, and the plural shall include the singular as the case may be.

   c.    <u>Gender.</u>    In this Agreement, the use of any one gender shall include all genders.

   d.    <u>Captions or Headings.</u>    In this Agreement, the captions or headings of paragraphs and subparagraphs are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit nor affect any provision of this Agreement.

5.    <u>Consideration.</u>  Within 45 calendar days of the execution of this Agreement by RELEASOR, RELEASEE shall pay a total of TWENTY-ONE DOLLARS ($21) by check made payable to Holcomb Law, LLLC IOLTA Trust Account.  It shall be the sole responsibility of Holcomb Law, LLLC to disburse the funds, and RELEASEE shall not be liable for any claim arising out of or related to the disbursement to the RELEASOR by Holcomb Law, LLLC.

---

[1] The Civil Number on the original Complaint is CV13 00397 SOM BMK.

11. <u>Understandings and Agreements.</u>   The Releasor and Releasee acknowledge, agree and understand that:

    a.   <u>No Representation.</u>   Neither RELEASEE nor anyone on its behalf has made a representation of fact, opinion or promise to the RELEASOR to induce this compromise, and RELEASOR is not relying upon any statement, representation, opinion or promise made by any person or party released or their agents, employees, representatives or attorneys, concerning the nature, extent or duration of the damages, or the legal liability therefore, or concerning any other thing or matter; that the above-mentioned consideration is all that shall be provided to RELEASOR and is received as a compromise settlement in full satisfaction of all aforesaid claims, demands, action and causes of actions, whatsoever, as set forth in Paragraph 6 above and with the exception of the application for Attorneys' Fees set forth in Paragraph 8 above.

    b.   <u>Merger; Interpretation.</u>   This Agreement contains the entire agreement between the Releasor and Releasee pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings of the parties hereto. The terms of this Agreement are contractual and not a mere recital. All matters at issue and all questions concerning the interpretation of this Agreement shall be decided and construed in accordance with Hawaii law.

    c.   <u>Construction.</u>   This Agreement shall be construed without regard to the identity of the person(s) who drafted the provisions contained herein. Each and every provision of this Agreement shall be construed as though each party hereto participated equally in the drafting thereof. As a result of the foregoing, any rule of construction against the drafting party shall not be applicable.

    d.   <u>Amendments.</u> This Agreement shall not be altered, amended, modified or otherwise changed in any respect or particular whatsoever, except by writing duly executed by all of the parties.

    e.   <u>Counterparts.</u>  This Agreement may be executed in any number of counterparts by the parties hereto, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties understand and agree that this Agreement, agreements ancillary to this Agreement, and related documents to be entered into in connection with this Agreement will be considered signed when the signature of a party is delivered by facsimile transmission or delivered by scanned image (e.g., .pdf or .tiff file extension name) as an attachment to electronic mail (email). Such facsimile or scanned signature must be treated in all respects as having the same effect as an original signature.

    f.   <u>RELEASOR's Understanding.</u>   In entering this Agreement, RELEASOR represent that she has relied upon the advice of her attorney(s); that the terms of this Agreement have been completely read and explained to RELEASOR by her attorneys; and that the terms of this Agreement are fully understood and voluntarily accepted by RELEASOR.

    g.   <u>Cooperation.</u>  The parties each agree to execute any further documents that any of the other parties may reasonably request in order to carry out the provisions of this Agreement.

6.       Release.         For and in consideration of the payment set forth in Paragraph 5 above, RELEASOR hereby releases, remises and forever discharges RELEASEE from, and on account of, any and all claims, actions, causes of action, claims for relief, liabilities, demands, damages, injuries, and/or losses that have been alleged in the Lawsuit.

7.       No Admission of Liability.    RELEASOR agrees and acknowledges that neither this Agreement, nor the fact of settlement, nor the settlement negotiations, nor the payment and/or receipt of the consideration shall be deemed or construed in any case, action, proceeding, or other legal event in any court, tribunal, administrative agency or other adjudicative body as evidence of an admission, concession, presumption, or inference of any fault, wrongdoing, negligence, willful misconduct, intentional misconduct, liability, violation of the United States Constitution, the Constitution of the State of Hawaii, any penal statute or ordinance, state and/or federal law, statute, rule, regulation, or fault of any kind whatsoever, by RELEASEE, and/or any other person or entity whatsoever, but shall be construed strictly as a compromise of contested claims.

RELEASEE agrees and acknowledges that by or through the above acknowledgement, fact of settlement, settlement, nor the settlement negotiations, nor the payment and/or receipt of consideration shall be deemed or construed in any case, action, proceeding, or other legal event in any court, tribunal, administrative agency or other adjudicative body as evidence that of admission, concession, presumption, or inference that RELEASOR and/or any other person or entity whatsoever agrees or acknowledges that RELEASEE is not at fault, has committed no wrongdoing, is not negligent, has not engaged in intentional misconduct, is not liable, has not violated the constitution of the United States, the constitution of the State of Hawaii, has not violated any penal statute or ordinance and/or state and/or federal law, statute, rule, regulation, or is not otherwise at fault of any kind whatsoever.

The parties understand, however, that the United States District Court for the District of Hawaii and/or the United States Court of Appeals for the Ninth Circuit may consider the fact of settlement, payment and/or receipt of consideration and other terms of this Agreement to determine "prevailing party" status for purposes of Paragraph 8 below.

8.       Attorneys' Fees.       RELEASOR and RELEASEE acknowledge and agree that RELEASOR may seek attorneys' fees and costs pursuant to applicable law and rules governing the seeking of attorney's fees and costs. Pursuant to the rules and applicable law, the City may dispute both the entitlement to and amount of fees and costs requested. The court will decide the entitlement to and amount of fees awarded, if any. Either party retains the right to object to and/or appeal such awards pursuant to applicable law.

9.       Dismissal with Prejudice.    RELEASOR shall dismiss with prejudice the complaint and all claims against RELEASEE in the Lawsuit upon receipt of this Agreement fully executed and clearance of the payment identified in Paragraph 5.

10.      Payment of taxes, etc.       It shall be the sole responsibility of RELEASOR to pay all taxes and governmental assessments, if any, resulting from the payment of the aforementioned consideration. RELEASOR hereby agrees to indemnify and hold harmless RELEASEE, from any claim, audit, penalty or other governmental liability related to the consideration paid under Paragraph 5, above.

on behalf of any party expressly represents and warrants that the party is bound to the agreement without regard to language preceding the signature such as "Approved as to Form and Legality."

IT IS HEREBY understood and agreed that the signing of this Release, Indemnification, and Settlement Agreement is a settlement of all claims.

RELEASOR:

CHOON HUAY JAMES

_____
By: Choon Huay James


RELEASEE:

CITY AND COUNTY OF HONOLULU


_____
By: _____

APPROVED AS TO FORM AND LEGALITY:     APPROVED AS TO FORM AND CONTENT:

_____     _____
Deputy Corporation Counsel         RICHARD L. HOLCOMB
Department of the Corporation Counsel   BRIAN BRAZIER
                                                  Attorneys for RELEASOR