DEPARTMENT OF THE CORPORATION COUNSEL

DONNA Y. L. LEONG       3226-0
Corporation Counsel
PAUL S. AOKI            1286-0
First Deputy Corporation Counsel
ERNEST H. NOMURA        4829-0
NICOLETTE WINTER        9588-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No. (808) 768-5120
E-Mail:     paoki@honolulu.gov
            enomura@honolulu.gov
            nwinter@honolulu.gov


Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHOON JAMES,<br><br>                Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU; and, John Does 1-50 in their individual or official capacities.<br><br>              Defendants. | CIVIL NO. CV 13-00397 JMS-BMK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSIVE MEMORANDUM IN OPPOSITION TO PLAINTIFF CHOON JAMES' MOTION FOR ATTORNEYS' FEES FILED ON SEPTEMBER 9, 2014; DECLARATION OF PAUL S. AOKI; EXHIBIT "A"; CERTIFICATE OF COUNSEL; CERTIFICATE OF SERVICE |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................ iiI

INTRODUCTION ................................................................ 1

PROCEDURAL OVERVIEW OF LITIGATION .................................... 3

ARGUMENT. ................................................................ 9

    A.    THE CITY'S VOLUNTARY RETURN OF
           PLAINTIFF'S SIGN DOES NOT ENTITLE
           PLAINTIFF TO ATTORNEY'S FEES ................................. 10

    B.    THE SETTLEMENT AGREEMENT DOES NOT
           CONFER PREVAILING PARTY STATUS UPON
           PLAINTIFF ................................................................ 14

    C.    THE DENIAL OF THE PARTIES' MOTIONS FOR
           SUMMARY JUDGMENT DOES NOT CONFER
           PREVAILING PARTY STATUS ON PLAINTIFF ............... 17

    D.    ASSUMING *ARGUENDO* THAT PLAINTIFF
           "PREVAILED," PLAINTIFF IS NOT ENTITLED TO
           ATTORNEY'S FEES BECAUSE PLAINTIFF DID
           NOT PREVAIL AS TO ANY FEDERAL CLAIM ............... 18

    E.    ASSUMING *ARGUENDO* THAT PLAINTIFF
           "PREVAILED," PLAINTIFF IS NOT ENTITLED TO
           ATTORNEY'S FEES BECAUSE ANY SUCCESS
           OR VICTORY IS TECHNICAL OR DE MINIMIS ............. 19

    F.    EVEN IF PLAINTIFFS IS ENTITLED TO
           ATTORNEYS' FEES, SHE SHOULD NOT BE
           AWARDED THE AMOUNT THAT COUNSEL
           SEEKS ................................................................ 21

Page

1.   Plaintiff's Counsels' Requested Hourly Rates
     Are Grossly Excessive .................................................   22

2.   Plaintiff Is Not Entitled To Recover
     Unreasonable Attorneys' Fees .....................................   24

     a.   Plaintiff Cannot Recover An
          Unreasonable Amount of Fees Incurred
          To Research, Draft And Revise
          Submissions.......................................................   25

     b.   Plaintiffs Cannot Recover Fees That Are
          Not Adequately Described ..................................   27

     c.   Plaintiff Cannot Recover Attorneys' Fees
          For Clerical or Ministerial Acts..........................   29

     d.   Plaintiff's Attorneys Cannot Recover For
          Duplicative Work................................................   31

     e.   Time That Is Block Billed Should Be
          Reduced.............................................................   32

     f.   The Time Spent On Plaintiff's Counsel's
          Motion to Withdraw Should Be Denied.............   33

CONCLUSION   ....................................................................   34

## TABLE OF AUTHORITIES

Page

**Cases**

Aslam v. Malen & Assocs.,
    669 F. Supp. 2d 275 (E.D.N.Y. 2009)................................................ 29, 31

Au v. The Funding Group, Inc.,
    933 F. Supp. 2d 1264 (D. Haw. 2013)................................................ 32

Barrios v. California Interscholastic Fed'n,
    277 F.3d 1128 (9th Cir. 2002)................................................ 21

Beltran Rosas v. Cnty. of San Bernardino,
    260 F. Supp. 2d 990 (C.D. Cal. 2003)................................................ 22

Bennett v. Yoshina,
    259 F.3d 1097 (9th Cir. 2001)................................................ 14

Benton v. Or. Student Assistance Comm'n,
    421 F.3d 901 (9th Cir. 2005)................................................ 20

Bernier v. Bernier ex rel. Bernier,
    305 P.3d 978 (N.M.. Ct. App. 2013)................................................ 10, 12

Brother Int'l Beach Club Condo. Ass'n, Inc.,
    2005 WL 1027240 (M.D. Fla. 2005)................................................ 33

Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health,
    532 U.S. 598 (2001)................................................ 13

Carbonell v. I.N.S.,
    429 F.3d 894 (9 th Cir.2005)................................................ 16

Cummings v. Connell,
    402 F.3d 936 (9th Cir. 2005)................................................ 21

Dowd v. City of Los Angeles,
    2014 WL 2937478  (C.D. Cal. 2014)................................................ 21

Farrar v. Hobby,
    506 U.S. 103 (1992)................................................ 9, 18, 20, 21

Fischer v. SJB-P.D., Inc.,
    214 F.3d 1115 (9th Cir. 2000)................................................ 22

Frankl v. HGH Corp.,
    2012 WL 1755423 (D. Haw. 2012)...............................................  24, 32

Gates v. Deukmejian,
    987 F.2d 1392 (9th Cir. 1992).................................................  25

Harris v. Trash Man, LLC,
    2013 WL 1932715 (D. Haw. 2013)...............................................  29

Heller v. District of Columbia,
    832 F. Supp. 2d 32 (D.D.C. 2011)..............................................  22

Hensley v. Eckerhart,
    461 U.S. 424 (1983)...........................................................  22

Higher Taste, Inc. v. City of Tacoma,
    717 F.3d 712 (9th Cir. 2013)..................................................  9

In re Application of Mgndichian,
    312 F. Supp. 2d 1250 (C.D. Cal. 2003)........................................  13

Jankey v. Poop Deck,
    537 F.3d 1122 (9th Cir. 2008).................................................  13

Jordan v. Multnomah County,
    815 F.2d 1258 (9th Cir. 1987).................................................  22

Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,
    589 F.3d 1027 (9th Cir. 2009).................................................  13

LULAC of Texas v. Texas Democratic Party,
    428 Fed. Appx. 460 (5th Cir. 2011)...........................................  18

Monsanto Co. v. Pacificorp,
    2006 WL 1128226 (D. Idaho 2006)..............................................  33

P.N. v. Seattle School Dist. No. 1,
    458 F.3d 983 (9th Cir. 2006).................................................  16

Robinson v. City of Edmond,
    160 F.3d 1275 (10th Cir. 1998)...............................................  32

Shapiro v. Paradise Valley Unified School Dist. No. 69,
    374 F.3d 857 (9th Cir. 2004)..................................................  14, 15

Page

Soler v. G&U, Inc.,
    801 F. Supp. 1056 (S.D.N.Y. 1992)................................................... 25

Sound v. Koler
    2010 WL 1992194 (D. Haw. 2010).................................................. 29

Tirona v. State Farm Mut. Auto. Ins. Co.,
    821 F. Supp. 632 (D. Haw. 1993) .................................................. 24

Webb v. Ada County,
    195 F.3d 524 (9th Cir. 1999)........................................................... 15

Webb v. Ada County,
    285 F.3d 829 (9th Cir. 2002)........................................................... 22

Wilcox v. City of Reno,
    42 F.3d 550 (9th Cir. 1994)............................................................ 21

**Statutes**

42 U.S.C.§ 1988.......................................................................... passim
Article 1, section 4 of the Hawaii Constitution.......................................... 3
Article 1, sections 2, 5, and 8 of the Hawaii Constitution......................... 3
Article 1, sections 6 and 7 of the Hawaii Constitution............................... 3
Article 9, section 10 of the Hawaii Constitution........................................ 4

**Rules**

L.R. Section 54.3(d)(1)(B)......................................................... 26, 28
L.R. Section 54.3(d)(1)(C).............................................................. 28

DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSIVE
MEMORANDUM IN OPPOSITION TO PLAINTIFF CHOON JAMES'
<u>MOTION FOR ATTORNEYS' FEES FILED ON SEPTEMBER 9, 2014</u>

## **<u>INTRODUCTION</u>**

Defendant CITY AND COUNTY OF HONOLULU ("City"), by its

attorneys, the Department of Corporation Counsel, Donna Y. L. Leong,

Corporation Counsel, Paul S. Aoki, First Deputy Corporation Counsel, Ernest H.

Nomura, and Nicolette Winter, Deputies Corporation Counsel, oppose Plaintiff's

Motion For Attorneys' Fees filed on September 9, 2014.  <u>See</u> CM/ECF Doc. No.

56.  Plaintiff Choon James ("Plaintiff") is **<u>not</u>** the "prevailing party" in this case

inasmuch as there was no adjudication on the merits of any claim in favor of

Plaintiff.  Plaintiff did not achieve a "material alteration of the legal relationship of

the parties" that was judicially sanctioned.

Plaintiff has three arguments as to why she is the "prevailing party" in this

case for purposes of attorney's fees pursuant to 42 U.S.C.§ 1988.  First, Plaintiff

claims she is the prevailing party because her signs were returned to her "after the

City modified the offending language from the return from [sic]."  <u>See</u> CM/ECF

Doc. No. 56-1 at 15.  Second, Plaintiff claims that she is entitled to prevailing party

status because she "has been paid in full for the damages to the sign and a nominal

amount for the constitutional violation."  <u>See id.</u>  Third, Plaintiff claims that this

Court's denial of the City's motion for summary judgment confers upon her

prevailing party status.  <u>See</u> CM/ECF Doc. No. 56-1 at 15, 16.  Each basis is without legal or factual merit.

Plaintiff is not entitled to attorney's fees and costs because (1) the City's return of Plaintiff's signs was completely voluntary; (2) the Settlement Agreement signed by the parties merely required the City to pay $21.00 as consideration, and did not award "damages" or otherwise suggest that Plaintiff was being paid for a violation of her constitutional rights; (3) this Court's denial of the parties' motions for summary judgment did not adjudicate any issue on the merits, and there is no authority that supports the proposition that a denial of a summary judgment motion confers prevailing party status on the non-moving party for purposes of 42 U.S.C. § 1988; and (4) even if Plaintiff is determined to have "prevailed" in this case, she is still not entitled to attorneys' fees and costs because any degree of success obtained by Plaintiff is a "technical victory" or de minimis.

However, if this Court determines that Plaintiff is entitled to some fees, the Court should deny those fees that are excessive, unreasonable, inadequately described, clerical or ministerial in nature, duplicative, block-billed, and/or incurred for purposes other than advancing the case.  Furthermore, the requested hourly rates for Richard Holcomb ("Holcomb") and Brian Brazier ("Brazier") are not warranted, and should be reduced to $200.00 and $185.00, respectively.

## <u>PROCEDURAL OVERVIEW OF LITIGATION</u>

Plaintiff Choon James ("Plaintiff") filed her Complaint on August 13, 2013.

Plaintiff asserted the following twelve causes of action:

(1)  unreasonable seizure in violation of Fourth Amendment to the United States Constitution;

(2)  seizure and/or destruction of Plaintiff's property without due process in violation of the Fourteenth Amendment to the United States;

(3)  violation of Plaintiff's First Amendment rights;

(4)  failure to train and supervise employees, resulting in violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution;

(5)  unreasonable seizure in violation of Article 1, sections 6 and 7 of the Hawaii Constitution;

(6)  violations of Plaintiff's property and due process rights in violation of Article 1, sections 2, 5, and 8 of the Hawaii Constitution;

(7)  violation of Plaintiff's rights to freedom of speech pursuant to Article 1, section 4 of the Hawaii Constitution;

(8)  trespass;

(9)  conversion;

(10)  replevin;

(11)  negligence; and

(12)  trespass to chattels;

<u>See</u> Compl. at ¶¶ 33-67.

In her Complaint, Plaintiff sought eight forms of relief, including:

(1)   declaratory judgment affirming that Chapter 29, Article 19 of the Revised Ordinances of Honolulu is unconstitutional on its face or as applied to Plaintiff;

(2)   declaratory judgment affirming that the City's actions violated and/or continue to violation Plaintiff's rights pursuant to the First, Fourth, Fourteenth Amendments of the United States Constitution, the ancillary provisions of the Hawaii Constitution, and/or Article 9, section 10 of the Hawaii Constitution;

(3)   A preliminary injunction enjoining the City and its employees from taking certain actions and compelling the City to take certain actions with respect to enforcement of the Stored Property Ordinance;

(4)   Permanent injunctive relief enjoining and/or compelling the same conduct articulated in the requested Preliminary Injunction Order;

(5)   Compensatory damages;

(6)   Punitive damages against the individual Defendants;

(7)   such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

(8)   attorney's fees, statutory fees and costs pursuant to 42 U.S.C. § 1988.

Compl. at 15-17.

On October 28, 2013, Plaintiff made an initial demand of $5,000.00 from the City, which the City refused.  See CM/ECF Doc. No. 56-13 at 1.

The City filed an Answer on November 12, 2013.  CM/ECF Doc. No. 12.

On November 25, 2013, Plaintiff retrieved a second set of signs that she placed on the subject property.  CM/ECF Doc. No.36 at 7; Doc. No. 37-3.  With respect to the second set of signs, the City allowed Plaintiff to cross out portions of the "Release of Impounded Property" form that she deemed objectionable.  See id.

On July 21, 2014, the parties attended a status conference with Judge J. Michael Seabright.  See Declaration of Paul S. Aoki ("Aoki Decl.") at ¶ 3.  At the status conference, the City stated its position that it was, and has always been willing to return James's signs to her, and that the City would allow James to modify or cross out the language that she deemed offensive.  Id. at ¶ 4.  The City was not ordered to return Plaintiff's signs, but rather, the City voluntarily agreed to return them.  Id. at ¶ 5.  Prior to this, neither James nor her attorneys had asked counsel for the City if the City would be willing to cross out or allow James to cross out the language she deemed offensive.  Id. at ¶6.  Given James' interactions with the City in the past[1], counsel for the City was under the impression that an affirmative offer to cross out the language James deemed offensive would be fruitless.  Id. at ¶ 7.

---

[1] As stated above, James retrieved a second set of signs with modifications to the retrieval form.  In addition, James had previously refused to accept real property tax reimbursement checks issued by the City.  Finally, James was informed that she could file a claim for damages to the sign, but she chose not to.

On June 25, 2014, the parties filed cross Motions for Summary Judgment. CM/ECF Doc. Nos. 29, 31.  Oppositions were filed on July 14, 2014.  CM/ECF Doc. Nos. 36, 38.  Replies were filed on July 28, 2014.  CM/ECF Doc. Nos. 44, 45.

The hearing on the motions for summary judgment was held on August 12, 2014, at which time the Court denied both parties' motions.  On August 20, 2014, the Court filed an "Order (1) Denying Defendant City and County of Honolulu's Motion for Summary Judgment, Doc. No. 29; and (2) Denying Plaintiff Choon James' Motion for Summary Judgment And/Or Partial Summary Judgment, Doc. No. 31".  CM/ECF Doc. No. 48.

In its August 20, 2014 Order, the Court did not rule in favor of Plaintiff on the merits of any of her claims in her Complaint.  See CM/ECF Doc. No. 48.  The Court held, in relevant part, that "genuine issues of fact exist as to whether the Possession Order awarded the City *exclusive* possession of the subject property, and whether the City exercised *exclusive* possession of the subject property at the time it removed James' signs."  Id. at 12.  The Court further explained that

> [t]his Order does not mean to suggest that the Possession Order failed to give the City the right to possess the subject property, to the exclusion of all others, to carry out the public purpose for which the subject property was taken.  Rather, the court finds that fact questions exist as to whether, despite the Possession Order and at the time James had erected the signs, the City failed to take exclusive possession of the subject property and/or gave (or shared with) James certain rights of possession.  As a result, a question of fact exists as to whether the City could unilaterally seize James' signs at a time when the City had imposed indicia of ownership on James.

See CM/ECF Doc. No. 48 at 20-21.

The Court denied Plaintiff's motion for summary judgment on her due process claims on the basis that "James has not addressed even the basic elements of the due process analysis and the specific facts of this case[.]" Id. at 22. The Court further stated that, "the facts particular to this action, viewed in a light most favorable to the City, raise questions of fact as to what additional procedural safeguards, if any, are required for due process as to James' claim that she should have been afforded a hearing to challenge the language of the Release Form." Id. at 24. The Court noted that the City had presented facts that "suggest that there was no real impediment to James retrieving her signs — she could have obtained return of the signs by signing a Release Form containing true statements (again, for purposes of this Motion), or by asking to change its language." Id. at 26. The Court denied Plaintiff's motion for summary judgment with respect to Plaintiff's conversion and trespass to chattels claims because:

> the facts, viewed in a light most favorable to the City, do not establish that the City illegally used, abused, wrongfully detained, damaged, or deprived James of the signs where James concedes for purposes of her Motion that the City properly seized them pursuant to Article 19, James could have obtained the signs by modifying the language in the Release Form, and James was given an opportunity to file a claim for damages to the signs.

Id. at 28.

7

Prior to August 26, 2014, the parties had agreed to the terms of a Settlement Agreement, save and except for one clause.  See Aoki Decl. at ¶ 8.  Plaintiff's counsel suggested that the City request a Settlement Conference with the Honorable Magistrate Judge Barry M. Kurren. Id. at ¶ 9.  The parties scheduled a Settlement Conference, which was held on  August 26, 2014.  Id.  At the Settlement Conference, the parties resolved the disputed clause[2]. Id. at ¶ 10.

The parties subsequently signed a settlement agreement and agreed to the filing of a stipulation for dismissal with prejudice.  See CM/ECF Doc. Nos. 63-1, 64.  Pursuant to the Settlement Agreement, the City agreed to pay Plaintiff $21.00 as consideration for the settlement and release of all claims asserted in this case. The City did not agree to pay "damages" to Plaintiff, and did not admit to any liability for alleged constitutional violations.  See CM/ECF Doc. 63-1.  While the Settlement Agreement provides that Plaintiff "may seek attorneys' fees and costs pursuant to applicable law and rules," the agreement states that "the City may dispute both the entitlement to and amount of fees and costs requested." Id. at 2.

---

[2]  In this respect, the City takes issue with the language in paragraph 8 of Mr. Holcomb's declaration, which states:

> During discussions regarding those depositions, the parties agreed to participate in a Settlement Conference.  There, the parties agreed on the general terms of the Settlement Agreement.

See CM/ECF Doc. 56-2 at ¶ 8.

## **ARGUMENT**

The United States Supreme Court has articulated the following standard for

"prevailing party" status:

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at
> least some relief on the merits of his claim. The plaintiff must obtain
> an enforceable judgment against the defendant from whom fees are
> sought, or comparable relief through a consent decree or settlement.
> Whatever relief the plaintiff secures must directly benefit him at the
> time of the judgment or settlement.  Otherwise, the judgment or
> settlement cannot be said to "affec[t] the behavior of the defendant
> toward the plaintiff."  Only under these circumstances can civil rights
> litigation effect "the material alteration of the legal relationship of the
> parties" and thereby transform the plaintiff into a prevailing party.  In
> short, a plaintiff "prevails" when actual relief on the merits of his
> claim materially alters the legal relationship between the parties by
> modifying the defendant's behavior in a way that directly benefits the
> plaintiff.

Farrar v. Hobby, 506 U.S. 103, 111-12 (1992) (internal citations omitted);

Higher Taste, Inc. v. City of Tacoma, 717 F.3d 712 (9th Cir. 2013).

Plaintiff has not received any relief on the merits of any of her claims.

Plaintiff is not a "prevailing party" in this case.  As argued at depth below, neither

the City's voluntary return of Plaintiff's signs, the Settlement Agreement, nor this

Court's denial of the parties' motions for summary judgment confer "prevailing

party" status upon Plaintiff.

### A.    The City's Voluntary Return of Plaintiff's Signs Does Not Entitle Plaintiff to Attorney's Fees.

At the hearing on the parties' motions for summary judgment, counsel for Plaintiff argued that Plaintiff was a prevailing party because the City had returned Plaintiff's signs, and thus Plaintiff had prevailed on her replevin claim. See Tr. Mot. for Summ. J., attached as Exhibit "A," at 11:4-8. While Plaintiff does not appear to renew such an argument in her motion, the City will address the argument briefly to the extent that it is related to Plaintiff's general argument in her motion that return of her signs entitles her to attorneys' fees.

Plaintiff clearly did not prevail on her replevin claim because this Court never found that the City's storing of Plaintiff's signs was wrongful or unlawful. See Bernier v. Bernier ex rel. Bernier, 305 P.3d 978, 989 (N.M.. Ct. App. 2013) ("[W]e emphasize that Ronald failed to prove wrongful detention. Insofar as wrongful detention is an inextricable element of replevin, Ronald's failure in that regard precludes a holding that Mrs. Bernier prevailed in this cause of action.").

In her memorandum in support of her motion for attorney's fees, Plaintiff maintains that she is entitled to prevailing party status because "Ms. James signs were returned after the City modified the offending language from the return from [sic]." See CM/ECF Doc. No. 56-1 at 15. While Plaintiff does not elaborate in her arguments section, the "Statement of Facts" section of Plaintiff's memorandum appears to suggest that James's statement in her declaration that "[n]o

10

modifications of the form were allowed" somehow trumps Lani Brown's statements in his declaration that James "did not request to have the form modified" and that:

> [t]he City was and is willing to allow Ms. James to retrieve her signs so long as she signs the standardized form that states that she asserts ownership over the signs.  If she wishes to modify the form to delete or amend any objectionable language, the City would be happy to consider her proposed modifications.

See CM/ECF Doc. No. 56-1 at 11; Doc. No. 37-1 at ¶¶ 14-15.  Plaintiff's argument fails because this Court has already held that there are factual disputes regarding whether Plaintiff was allowed to cross off the language she deemed offensive.  See Exhibit "A" at 20:10-14 ("[I]t seems to me there's a genuine issue of material fact as to whether or not [James] could just cross that out and they would have returned the sign.").

Plaintiff states that "[n]ot at the filing of this suit nor any time before the Status Conference of July 21, 2014 (despite multiple communications between the parties' counsel and several filings) did the City offer to return the signs to Ms. James if Ms. James would sign a modified version of the form, which struck the offending language."  See CM/ECF Doc. 56-1 at 10, 11.  On November 25, 2013, approximately eight months before the July 21, 2014 status conference with Judge Seabright, Plaintiff had retrieved a second set of signs that she had placed on the subject property.  See CM/ECF Doc. No.36 at 7; Doc. No. 37-3.  With respect to

11

the second set of signs, the City had allowed Plaintiff to amend or cross out the

portions of the "Release of Impounded Property" form she deemed objectionable.

<u>See id.</u>  As explained above, counsel for the City did not make any affirmative

offer to Plaintiff after the filing of the lawsuit as to modification of the form

because counsel was under the impression that an affirmative offer to cross out the

language James deemed offensive would be fruitless.  <u>See</u> Aoki Decl. at ¶ 7.

More importantly, Plaintiff's entire argument on this issue fails because it is

a red herring.  Even if Plaintiff was not initially allowed to modify the form, <u>there</u>

<u>is no dispute that the City's return of Plaintiff's signs was entirely voluntary</u>.  At

the status conference with Judge Seabright on July 21, 2014, the City made it clear

to the Court and to Plaintiff and her counsel that it would voluntarily and freely

return the signs to James and that James would be permitted to strike the language

she deemed offensive.  Plaintiff does not contend – and there is nothing in the

record to demonstrate otherwise – that the Court ordered the City to return the

signs or that the Court held that the City's storage and/or retention of the signs was

wrongful or unlawful.  Rather, Plaintiff contends that "[i]t was only during the

Status Conference with Judge Seabright on July 21, 2014 that the City <u>agreed</u> to

return the signs if Ms. James would sign the form after striking the offending

language."  <u>See</u> Doc. No. 56-1 at 11 (emphasis added).  Furthermore, at the hearing

for the parties' motions for summary judgment, Mr. Holcomb made clear that

Plaintiff took issue with the timing of the return of the signs, not the voluntariness of their return. <u>See</u> Exhibit "A" at 11:4-8 ("Well, Your Honor, at this point in time I believe we have prevailed on that claim because the City for the first time in their response says, 'Yes, Miss James she can come get it.  She can modify the form.' And we went and got it.").

Because return of Plaintiff's signs was voluntary, Plaintiff is not entitled to "prevailing party" status on that basis.  <u>Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.</u>, 589 F.3d 1027, 1031 (9th Cir. 2009) ("[A] plaintiff is not a prevailing party if it only achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.") (brackets and internal quotation marks omitted) (citing <u>Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health</u>, 532 U.S. 598, 601-5 (2001) (holding that even if the repeal of the statute that plaintiff had challenged "perhaps accomplish[ed] what the plaintiff sought to achieve by the lawsuit", it merely represented the "defendant's voluntary change in conduct," which "lacks the necessary judicial imprimatur on the change."); <u>In re Application of Mgndichian</u>, 312 F. Supp. 2d 1250, 1256 (C.D. Cal. 2003) ("Voluntary action by the defendant that is not compelled by a judgment or consent decree does not constitute a 'material alteration' in the parties' legal relationship sufficient to support a fee award under <u>Buckhannon</u>."); <u>Jankey v. Poop Deck</u>, 537 F.3d 1122, 1130 (9th Cir. 2008) (holding that the

judicial sanction must "allow[] one party to require the other party to do something it otherwise would not be required to do."); Bennett v. Yoshina, 259 F.3d 1097, 1100 (9th Cir. 2001) (holding that the "catalyst theory," whereby a lawsuit is deemed to have brought about a voluntary change in defendant's conduct, may not be relied on to establish that the action caused a material alteration in the legal relationship of parties so as to qualify a plaintiff as a "prevailing party" for purposes of Section 1988).

> **B.     The Settlement Agreement Does Not Confer Prevailing Party Status Upon Plaintiff.**

In Shapiro v. Paradise Valley Unified School Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004), the Ninth Circuit Court of Appeals acknowledged that "in order to be considered a 'prevailing party' after Buckhannon, a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." Id. (citation omitted).  Here, the Settlement Agreement in this case neither constitutes a "material alteration of the legal relationship of the parties," nor was it "judicially sanctioned."

Plaintiff argues that she is entitled to prevailing party status because she "has been paid in full for the damages to the sign and a nominal amount for the constitutional violation." See CM/ECF Doc. 56-1 at 15.  This statement in the memorandum in support of her motion and a similar statement in counsel's declaration, see CM/ECF Doc. 56-2 at ¶ 9, are false.  The Settlement Agreement

clearly denominates that the $21.00 to be paid to Plaintiff is "consideration," not "damages."  The Settlement Agreement makes no mention of a "nominal award" or of any "constitutional violation" on the part of the City.  See generally, CM/ECF Doc. 63-1.  Plaintiff's subjective view that the $21.00 settlement payment constitutes "damages" or a "nominal award" for constitutional violations was not communicated to the City, not agreed upon by the City, and is in direct contradiction of the clear language of the Settlement Agreement itself.  See id.

Indeed, if the Settlement Agreement, in which the City agreed to pay Plaintiff $21.00, were to confer "prevailing party" status upon her, the City will never settle similar cases in the future, as run-of-the-mill settlements like this one would expose the City to § 1988 attorney's fees awards.  This makes no sense.

The Settlement Agreement does not transform Plaintiff into a "prevailing party" because it does not constitute a "material alteration of the legal relationship" of the parties.  Other than paying Plaintiff $21.00, which is not denominated as damages, the Settlement Agreement does not require the City to do anything. Because Plaintiff failed to achieve any of the purposes of her claim pursuant to the Settlement Agreement, the Settlement Agreement did not constitute a "material alteration of the legal relationship" of the parties.  See Webb v. Ada County, 195 F.3d 524, 527 (9th Cir. 1999) (holding that plaintiff was not a prevailing party

because although he won preliminary "victory" in striking defendant's affidavits, he failed to achieve the purposes of the claim).

The Settlement Agreement does not confer prevailing party status upon Plaintiff for the separate and independent reason that the agreement lacked judicial imprimatur.  P.N. v. Seattle School Dist. No. 1, 458 F.3d 983 (9th Cir. 2006), amended, 474 F.3d 1165 (9th Cir. 2007) (private settlement lacking any "judicial imprimatur" did not qualify plaintiff as prevailing party); Carbonell v. I.N.S., 429 F.3d 894, 900-902 (9 th Cir.2005) (stipulation by parties has sufficient judicial imprimatur where terms of the stipulation were incorporated into Court's order, and where either party could return to the court to enforce the agreement).

The Settlement Agreement in this case is a purely private settlement agreement, which was followed by a stipulated dismissal order that referenced, but did not incorporate the terms of the agreement into the dismissal.  Plaintiff does not contend that the settlement was a "consent decree," where the settlement is entered as an official judgment of the court.  Furthermore, there is no indication from the Settlement Agreement that the Court will retain jurisdiction to enforce the agreement. Enforcement of any breach of the terms of the agreement would have to be subject to a new breach of contract lawsuit.

### C.   The Denial of the Parties' Motions For Summary Judgment Does Not Confer Prevailing Party Status on Plaintiff.

As part of Plaintiff's argument that she is the prevailing party, Plaintiff

quotes the following portion of the Court's Order denying the parties' motions for

summary judgment:

> The Possession Order by its own terms does not extinguish all of James' rights to the subject property and/or grant the City absolute possession, but instead grants the City possession for the purpose of constructing the Hauula fire station.
>
> . . . Just as with the Possession Order, this language suggests that possession is not absolute--§ 101-29 does not grant the City free reign to do as it pleases with the property, and the City may only do such work as may be required for the purpose of the taking.

CM/ECF Doc. 56-1 at 16 (citing CM/ECF Doc. No. 48 at 13-14).

Admittedly, the basis for the City's motion for summary judgment was that

it had exclusive right to possession based upon the Order of Possession.  The Court

disagreed, which is why it denied the City's motion.  However, nowhere in its

Order did the Court hold that the Plaintiff prevailed on any of her claims.

Furthermore, there is nothing that would have prevented the City from proceeding

to trial on the factual issues that the Court identified in its Order.  It is absurd for

Plaintiff to suggest that the City, after failing to prevail on its motion for summary

judgment, would be required to give up any hope of success at trial.[3] That is simply not the case.

It should also be noted that Plaintiff fails to point to any authority that suggests that a party is a prevailing party as a result of a court's **denial** of summary judgment motions.  In fact, there is authority to the contrary.  See LULAC of Texas v. Texas Democratic Party, 428 Fed. Appx. 460, 465 (5th Cir. 2011) (summary judgment denial insufficient to confer prevailing party status, and noting that "a favorable statement of the law cannot bestow prevailing party status") (citing Farrar, 506 U.S. at 112-13 (1992)) (internal quotation marks omitted).

> ### D.     Assuming *Arguendo* that Plaintiff "Prevailed," Plaintiff is Not Entitled to Attorney's Fees Because Plaintiff Did Not Prevail As to Any Federal Claim.

Assuming *arguendo* that Plaintiff has prevailed by virtue of (1) return of her signs, (2) the $21.00 payment in the settlement agreement, and/or (3) the denial of the parties' respective motions for summary judgment, Plaintiff is still not entitled to attorney's fees pursuant to 42 U.S.C. § 1988 because Plaintiff has not demonstrated that she has "prevailed" with respect to any claims arising under the United States Constitution or federal statute.

---

[3]  Not only does the City dispute Plaintiff's statement that the Court held "that neither Hawaii's 'quick-take' statute nor the Order of Possession permitted the City to exclude Ms. James,", CM/ECF Doc. No. 56-1 at 14, it also disputes that "[t]his argument was the premise of the City's entire defense." Id.  The City's Answer did not waive the factual disputes that the Court outlined in its Order denying the parties' motions for summary judgment.  See CM/ECF Doc. No. 12.

This Court did not determine that the City's removal or storage of Plaintiff's signs constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution; that the City removed or stored Plaintiff's signs without affording Plaintiff adequate notice or affording Plaintiff a meaningful opportunity to be heard before or after the seizure or destruction, thus violating Plaintiff's due process rights under the United States Constitution; that the City violated Plaintiff's First Amendment rights; or that the City failed to properly train or supervise its employees.  See Compl. at ¶¶ 33-45.

Thus, if this Court determines that Plaintiff prevailed on one or more common law claims such as trespass, conversion, replevin, negligence, or trespass to chattels, Plaintiff is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the sole authority for attorney's fees cited by Plaintiff.

### E.	Assuming *Arguendo* That Plaintiff "Prevailed," Plaintiff is Not Entitled to Attorney's Fees Because Any Success or Victory is Technical or De Minimis.

While the City vehemently denies that Plaintiff "prevailed" on the merits of any of her claims, even assuming that is the case, Plaintiff is not entitled to attorneys' fees.  In the Settlement Agreement, Plaintiff obtained none of the relief she sought in the Complaint.  Plaintiff did not receive a declaratory judgment affirming that the Stored Property Ordinance is unconstitutional on its face or as applied.  Plaintiff did not receive declaratory judgment that the City has violated or

continues to violation Plaintiff's rights to the federal or state constitutions.

Plaintiff did not seek or receive a preliminary injunction enjoining the City or its employees from acting pursuant to the Stored Property Ordinance, or compelling the City to take certain actions. Plaintiff did not receive permanent injunctive relief. Plaintiff did not receive "compensatory damages." While Plaintiff received $21.00, it was not denominated as "damages," but rather the payment was consideration for the settlement and release of all claims. Plaintiff did not receive punitive damages against individual defendants, and in fact individual defendants were not brought into the suit. Plaintiff did not receive any other relief. The return of Plaintiff's signs has been discussed above, and does not entitle Plaintiff to attorneys' fees.

While the City cannot identify any "success" achieved by Plaintiff, if this Court were to determine that some success was achieved, such success does not entitle Plaintiff to attorney's fees because any such success or victory is purely technical or de minimis. See Farrar v. Hobby, 506 U.S. 103, 112-16 (1992) (holding that prevailing plaintiff is not entitled to attorney's fees despite being awarded $1.00 in nominal damages on a claim for $17 million in compensatory damages because the "most critical" factor in reasonableness of fee award "is the degree of success obtained".). See also Benton v. Or. Student Assistance Comm'n, 421 F.3d 901, 905-6 (9th Cir. 2005) (prevailing plaintiff is not entitled to

attorney's fees for § 1983 claim because plaintiff received only nominal damages and no tangible result from litigation); Wilcox v. City of Reno, 42 F.3d 550, 554-55 (9th Cir. 1994) (holding that a party receiving only nominal damages must also achieve other tangible results such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects to support an award of attorney's fees); Cummings v. Connell, 402 F.3d 936, 947 (9th Cir. 2005); see also Dowd v. City of Los Angeles, 2014 WL 2937478 at *5 (C.D. Cal. 2014) ("The resulting substantial difference between the judgment recovered and the recovery sought suggests that Plaintiffs' victory was in fact purely technical.") (citation, internal quotation marks, and brackets omitted); Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1135 (9th Cir. 2002) (noting that the Court in Farrar recognized that in limited circumstances a technical victory may be so insignificant to support prevailing party status).

### F.   Even If Plaintiff Is Entitled To Attorneys' Fees, She Should Not Be Awarded the Amount That Counsel Seeks.

While fees are inappropriate because Plaintiff did not "succeed" on any of her claims, or alternatively, because any success is purely technical or de minimis, if this Court determines that fees are appropriate, Plaintiff's requested fees and hourly rates are grossly excessive and patently unreasonable because the degree of success of Plaintiff, if any, is minimal in relation to the goals in Plaintiff's Section 1983 action.  See Beltran Rosas v. Cnty. of San Bernardino, 260 F. Supp. 2d 990,

995 (C.D. Cal. 2003) ("The degree of plaintiff's success in relation to her other goals in a Section 1983 action is a factor in determining a reasonable fee under Section 1988.") (citations omitted).

Plaintiff's lead counsel, Richard Holcomb, seeks $48,584.50 in fees. <u>See</u> CM/ECF Doc. 56 at 3. Mr. Holcomb's co-counsel, Brian Brazier, seeks $3,435.86 in fees. Based on the record, the requested fees are facially unreasonable.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). <u>See</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." <u>Hensley</u>, 461 U.S. at 433.

### 1.   Plaintiff's Counsels' Requested Hourly Rates Are Grossly Excessive.

A reasonable hourly rate takes into account the experience, skill, and reputation of the attorney requesting fees, and should reflect the prevailing market rates in the community. <u>Webb v. Ada County</u>, 285 F.3d 829, 840, n.6 (9th Cir. 2002). Plaintiffs bear the burden of producing satisfactory evidence, in addition to their declarations, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987); <u>Heller v. District of Columbia</u>, 832 F. Supp. 2d 32, 38 (D.D.C. 2011); <u>see also</u> LR54.3(d) (a requesting party's memorandum in support

of a fee request "shall set forth . . . the customary fee for like work prevailing in the attorney's community . . . .").

Plaintiff argues that the reasonable hourly rate is $355.00 for Mr. Holcomb and $250.00 an hour for Mr. Brazier. See CM/ECF Doc. No. 56-1, at 31. However, the Order Adopting in Part and Modifying in Part Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Attorneys' Fees, Doc. No. 64, filed on June 19, 2014 in Hawaii Defense Foundation v. City and County of Honolulu, CV 12-00469 JMS-RLP (D. Haw. June 19, 2014), CM/ECF Doc. No. 71 ("Hawaii Defense Foundation Order"), issued less than three months before Plaintiff filed her motion for fees on September 9, 2014, already established the reasonable hourly rate for Messrs. Holcomb and Brazier at $200.00 and $185.00, respectively.

Messrs. Holcomb and Brazier fail to provide the Court with anything new to justify an increase to their already established hourly rates[4]. In fact, the documents Plaintiff attaches in support of her motion do more to demonstrate that the requested hourly rates that Messrs. Holcomb and Brazier seek do not reflect

---

[4] Plaintiff attaches a declaration of Kevin O'Grady, which states that "I am personally familiar with Attorney Richard Holcomb's work as an attorney. I believe that Mr. Holcomb deserves and can demand in the local legal market a rate of $350." See CM/ECF Doc. No. 56-3 at 2. What Mr. O'Grady thinks that Mr. Holcomb "deserves" or what he believes he is able to charge does not establish that $355, the requested hourly rate, is the prevailing market rate in the community for attorneys with comparable experience, skill, and reputation.

prevailing community rates for similar services for counsel of similar background and skills.  Messrs. Holcomb and Brazier continue to insist that this Court adopt the Laffey Matrix in order to determine reasonable hourly rates, despite the fact that this Court has already rejected identical arguments in the past.  See Hawaii Defense Foundation Order at 7-8; Frankl v. HGH Corp., CV 10-00014 JMS, 2012 WL 1755423, *6 (D. Haw. Apr. 23, 2012), report and recommendation adopted, CV 10-00014 JMS, 2012 WL 1753644 (D. Haw. May 14, 2012).  Indeed, most, if not all of the arguments that Messrs. Holcomb and Brazier raise to support an increase in their hourly rate have been emphatically rejected in the Hawaii Defense Foundation Order.[5]  There is no reason to adjust these rates.

> 2.    Plaintiff Is Not Entitled To Recover Unreasonable Attorneys' Fees.

Beyond establishing a reasonable hourly rate, Plaintiff bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).

The Court must guard against awarding fees and costs that are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id.

---

[5]  The fact that the initial caption of Plaintiff's Motion for Attorneys' Fees, filed on September 9, 2014, contained the names of the plaintiffs and defendants in the case De-Occupy Honolulu, et al. v. City and County of Honolulu, et al., Civil No. CV 12-00668 JMS-KSC (D. Haw.), is indicative of Mr. Holcomb and Mr. Brazier's practice of "cutting and pasting" with respect to pleadings filed in other case.

(citation omitted).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G&U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992), as amended on denial of reh'g, (1993).  Numerous deductions to Plaintiff's fees are necessary.

> a.   Plaintiff Cannot Recover An Unreasonable Amount of Fees Incurred to Research, Draft And Revise Submissions.

Between the two of them, Messrs. Holcomb and Brazier spent 19.15 hours drafting, reviewing, revising, etc. the Complaint.  Mr. Holcomb's time entries with respect to the Complaint are as follows:

| Pleadings | | |
|---|---|---|
| 7/17/13 | Draft Complaint<br>Compiled all documents and notes from client interview (2.3)<br>Began draft of facts/researched law and determined appropriate claims (1.7) | 4 hours |
| 8/4/13 | Draft Complaint<br>Reviewed De-Occupy Filings 2.1<br>Copied De-Occupy Complaint where applicable .5<br>Drafted parties/facts/claims  3.2<br>Continued Drafting parties/facts/claims  2<br>Drafted Prayer for relief  .7 hours (reviewing De-Occupy) | 8.5 hours |
| 8/5/13 | Review/Revise Complaint (proofreading) | .4 hours |
| 8/5/13 | Sent Draft Complaint to Choon for verification | .1 hours |

| 8/9/13 | Review Choon's revisions | .5 hours |
|--------|--------------------------|----------|
| 8/12/13 | Revise Complaint pursuant to Choon's e-mail/revisions (finalized) | 1.8 hours |
| 8/13/13 | Compile/scan/save documents and file complaint (Complaint was mailed to City) | .6 hours |
| | **Total** | 15.9<br>$355 x 15.9=$5,644.50<br>$200 x 15.9=$3,180 |

See CM/ECF Doc. 56-13 at 5, 6.

Mr. Brazier's time entries with respect to the Complaint are as follows:

| **L.R. Section 54.3(d)(1)(B)** | | |
|--------|--------------------------|----------|
| 8/7/13 | Research re complaint | 1.5 |
| 8/12/13 | Review/revise complaint | 1.75 |
| | **Total** | 3.25<br>$250 x 3.25=$812.50<br>$185 x 3.25=$601.25 |

CM/ECF Doc. No. 57-2 at 1.  Given that the vast majority of the content in the instant Complaint is literally lifted and "supercopied" from the complaint filed in the De-Occupy Honolulu, et al. v. City and County of Honolulu, et al., Civil No. CV 12-00668 JMS-KSC[6], the 19.15 hours spent is facially unreasonable.

---

[6]  It appears that the "Applicable Ordinances," "Jurisdiction and Venue," and "Prayer For Relief" sections of Plaintiff's Complaint in this case were essentially copied or taken from the De-Occupy case.  The vast majority of the causes of action were the same in both cases.  Only the "Trespass" and "Trespass to Chattels" claim in Plaintiff's Complaint are absent from the De-Occupy Complaint.

Similarly, the 36.8 hours Mr. Holcomb spent related to the parties' motions for summary judgment is unreasonable.  See CM/ECF Doc. No. 56-13 at 8-10.

Finally, the 11.4 hours Mr. Holcomb spent completing the settlement conference statement is unreasonable:

| Motions Practice | | |
|---|---|---|
| 8/22/14 | Began Drafting Settlement Conf. Statement | 1.2 hours |
| 8/23/14 | Drafting Settlement Conf. Statement—Went through Procedural Hist. e-mails with Client/Paul/CSF's to get facts/Drafted Statement of Case | 3.2 hours |
| 8/24/14 | Drafting Settlement Conf. Statement—Went through counts/Reviewed Judge Seabright's Order/Partially Drafted each count summary | 3.6 hours |
| 8/24/14 | Draft Settlement Conf. Statement-Calculated Hours/Attorneys' Fees/Finished Counts to give realistic expectations | 3.1 hours |
| 8/24/14 | Called Choon (2x) left msg. Re: Position at Settlement Conference | .1 hours |
| 8/25/14 | Spoke with Choon—Modified Statement based on what she told me (Settlement Section of Statement) | .2 hours |
| | TOTAL | 11.4 $355 x 11.4=$4,047 $200 x 11.4=$2,280 |

See CM/ECF Doc. 56-13 at 10.

> b.    Plaintiff cannot recover fees that are not adequately described

"The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated . . . . If time descriptions are incomplete, or if such descriptions fail to describe adequately

the services rendered, the court may reduce the award accordingly." LR54.3(d)(2).

By way of example, (a) "time entries for telephone conferences must include an identification of all participants and the reason for the call . . . [;]" (b) "entries for legal research must include an identification of the specific issue researched . . . ."

Accordingly, the following should be deducted from Mr. Holcomb's entries:

| Case Development, background investigation, and case administration | | |
|---|---|---|
| 7/10/13 | Read Cases/Review Law Concluded could take possession/can't determine from Ho'ohiki if Order for possession was ever set aside | 1.1 hour |
| 8/?/14 | Email from Paul thanking me for trying to settle | .1 hours |
| 9/5/14 | Met with Brian-preparation for meeting with Choon | .7 hours |
| | **TOTAL** | 1.9 hours $355 x 1.9 hours=$674.50 $200 x 1.9 hours=$380.00 |

CM/ECF Doc. 56-13 at 1, 3, 5.

The following time should be deducted from Mr. Brazier's entries:

| L.R. Section 54.3(d)(1)(B) | | |
|---|---|---|
| 8/7/13 | Research re complaint | 1.5 hours |
| 8/12/13 | Review/revise complaint | 1.75 hours |
| **L.R. Section 54.3(d)(1)(C)** | | |
| 3/20/14 | Draft discovery to city; review evidence | 1.5 hours |
| 3/21/14 | Draft discovery to city | 2.375 hours |
| 3/24/14 | Discovery to city: review evidence | 1.25 hours |

| | TOTAL | 8.375 hours<br>$250 x 8.375=$2,093.75<br>$185 x. 8.375=$1,549.375 |
|---|---|---|

CM/ECF Doc. 57-2 at 1.

> c.   Plaintiff cannot recover attorney's fees for clerical
> or ministerial acts.

Plaintiff cannot recover fees incurred when attorneys perform clerical or ministerial acts such as ". . . scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents. . . ." Harris v. Trash Man, LLC, CV 12-00169 HG-KSC 2013 WL 1932715, at *3 (D. Haw. Apr. 16 2013); Sound v. Koller, CV 09-00409 JMS-KSC, 2010 WL 1992194, at *7 (D. Haw. May 19, 2010) (court disallowed recovery for clerical and secretarial work such as "finalizing []exhibits, and declarations[]") citing Aslam v. Malen & Assocs., 669 F. Supp. 2d 275, 277-78 (E.D.N.Y. 2009) (finding that hours spent preparing exhibits could have been carried out by paralegal and reducing hourly rate to that of a paralegal).  Accordingly, the following time should be deducted:

| Case Development, background investigation,<br>and case administration | | |
|---|---|---|
| 7/9/13 | Review/Print removal notice provided by Client (request more info) | .1 hours |
| 7/11/13 | Review/Print Notices of Violation to Client—but before April '10 possession Request more info for after 2010 | .1 hours |

| | | |
|---|---|---|
| 7/16/13 | Received/downloaded/reviewed pics from Client of current state of the property | .2 hours |
| 7/16/13 | Received/Print/Review Tax Assessments and Mowing Invoices | .2 hours |
| 7/22/14 | rec'd modified form from Ms. Winter-forwarded to Choon urging to Expeditiously retrieve the signs using the form | .1 hours |
| 8/4/14 | e-mail from Paul—draft Settlement Agreement. Forwarded to Choon | .1 hours |
| 8/5/14 | rec'd e-mail from Choon-discussed City disclaimer Will explore alternatives to Settlement Agreement | .2 hours |
| 8/5/14 | Calculated hours for Brian and I—sent to Paul for review towards settlement | .3 hours |
| 9/3/14 | rec'd notice of status conference for 9/12 at 9:30/calendared/e-mailed info to Choon | .1 hour |
| 9/4/14 | rec'd e-mail from Choon agreeing to meet Friday at 4:30/calendared | .1 hour |
| 9/5/14 | e-mailed Choon to confirm meeting today at 4:30 | .1 hour |
| 9/5/14 | Printed documents of communications/S.A./Conf. Settlement Conf. Stmt./Made notes to discuss with Choon | 2.6 hours |
| 9/6/14 | rec'd signed Agreement from Choon | .1 hour |
| **Pleadings** | | |
| 7/17/13 | Compiled all documents and notes from client interview | 2.3 |
| 8/5/13 | Review/Revise Complaint (proofreading) | .4 hours |
| 8/5/13 | Sent Draft Complaint to Choon for verification | .1 hours |
| 8/13/13 | Compile/scan/save documents and file complaint (Complaint was mailed to City) | .6 hours |
| **Interrogatories, document production, and other written discovery** | | |
| 5/29/14 | sent e-mail to Choon asking her to come to office tomorrow 3:30 And that she watch for the draft rogs I'd be sending her later tonight | .1 hours |
| 6/6/14 | Drafted cover letter to Paul with supplemental discovery—compiled with docs | .2 hour |
| 8/20/14 | Filed COS | .1 hours |
| 8/2?/14 | Rec'd letter from Paul re: req. for Settlement Conf. | .1 hours |
| 8/22/14 | EO from Judge stating Settlement Conf. to be held Tues 26th—Stmt due Mon Calendared | .1 hours |

| 6/25/14 | Reviewed/Revised/Edited/Proofread MSJ Motion, Memo, CSF, Declarations (Had Justin Do the Same-Paralegal Billing At An Additional .2 hours) | .4 hours |
|---------|------------------------------------------------------------------------------------------------------------------------------------------|----------|
| 6/25/14 | Compiled documents, exhibits/saved to file appropriately/filed | .8 hours |
| 7/12/14 | Reviewed CSF against exhibits to make sure everything was there | .5 hours |
| 7/14/14 | Compiled Exhibits with id markers<br>Asked Darko to scan and e-mail exhibits | .5 hours |
| 7/14/14 | Finalized/Edited CSF | .7 hours |
| 7/14/14 | Compiled all Documents together/.pdf and organized for filing/filed (attempted to file CSF on Pacer) | .8 hours |
| 7/14/14 | e-mailed Judges Kurren and Seabright and Paul with the error I get from Pacer When attempting to file CSF | .1 hours |
| 7/15/15 | On phone with "Mark(?)" IT guy at fed. Court. Ended up clearing "cache" | .4 hours |
| 7/15/15 | Filed CSF | .3 hours |
| **Post-trial motions** | | |
| 9/8/14 | Estimated time for Dismissal/signature/filing | 1 hour |
| | **TOTAL** | 13.8<br>$355 x 13.8=$4,899<br>$200 x. 13.8=$2,760 |

See CM/ECF Doc. 56-13

        d.     Plaintiff's attorneys cannot recover for duplicative work.

Two attorneys may bill for the same event only in certain limited circumstances not applicable to this case. "The Court, however, does not allow more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel. In such a situation,

the Court typically deducts the time spent by the lowest-billing attorney or attorneys." See Frankl v. HGH Corp., 2012 WL 1755423 at * 7.

Duplicate time for events (i.e., hearings, depositions, meetings) during which both Mr. Holcomb and Mr. Brazier attended must be deducted.  For example, on September 5, 2014, Mr. Holcomb spent 1.7 hours meeting with Choon James and Mr. Brazier regarding the consequences of her signing or declining to sign the Settlement Agreement.  See CM/ECF Doc. 56-13 at 5.  On the same day, Mr. Brazier spent 1.5 hours meeting with Mr. Holcomb and Ms. James regarding settlement.  See CM/ECF No. 57-1 at 1.  Mr. Brazier's time should be deducted.

### e.     Time that is block billed should be reduced.

When attorneys block bill (i.e., do not itemize the time expended on specific tasks, but rather enter total daily time working on a case), district courts are authorized to reduce the block-billed hours.  Au v. The Funding Group, Inc., 933 F. Supp. 2d 1264, 1276 (D. Haw. 2013) (court imposed a 15% across-the-board reduction for all block billed entries), citing Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998).

The vast majority of Plaintiff's counsel's time entries are block billed such that it creates difficulty in determining reasonableness.  To the extent this court is unable to determine the reasonableness of certain time entries disputed above due to block-billing, the City respectfully requests that the entire entry be denied.

Alternatively, the City requests that the time reflected in block billed entries be reduced by 20%.

>    f.   The time spent on Plaintiff's counsel's motion to withdraw should be denied.

Mr. Holcomb has a September 3, 2014 entry for 3.7 hours stating "drafted Motion to Withdraw/Declaration of Counsel/Notification Letter/sent to Choon". See CM/ECF Doc. No. 56-13 at 5. Fees related to the unfiled motion to withdraw are inappropriate and should be denied because "time spent on a pleading that was never filed does not advance the case and is not chargeable." Brother Int'l Beach Club Condo. Ass'n, Inc., 2005 WL 1027240, *5 (M.D. Fla. 2005); Monsanto Co. v. Pacificorp, 2006 WL 1128226, *9 (D. Idaho 2006). In addition, the following time entries relating to Mr. Holcomb trying to contact Ms. James appear to be due to Mr. Holcomb's inability to control his client, and should be denied either as unreasonable and/or as clerical or ministerial acts:

| Case Development, background investigation, and case administration | | |
|---|---|---|
| 8/26/14 | called Choon—No answer—left message-really needs to address S.A. | .1 hours |
| 8/27/14 | called Choon—no answer—left message—really need to address S.A. | .1 hour |
| 8/28/14 | called/e-mailed Choon 2x-no answer-left message—really need address S.A. | .1 hour |
| 8/29/14 | rec'd e-mail from Choon citing "severe concerns" with S.A.—she will work on it Saturday(?)—Called Choon 4x—left 2 messages—really need to address S.A. Concerned because N/A Saturday, Monday is Labor Day, deadline is Tuesday | .2 hour |

| 8/31/14 | 3 e-mails to Choon regarding her revisions to Settlement Agreement and Our discussion at Settlement Conference/risks associated with costs and Expenses/requested meeting Sept 2 | .1 hour |
|---------|---|---|
| 9/2/14 | called Choon—left message | .1 hour |
| 9/2/14 | sent Choon two e-mails requesting meeting | .1 hour |
| 9/2/14 | sent her Settlement Agreement to Judges and Paul per Choon's request | .1 hour |
| 9/2/14 | sent Choon e-mail urging her to return call and requesting a meeting Discussing Depositions | .2 hour |
| 9/2/14 | e-mail from Choon—says will call-discussion re: witness Lani Brown Returned e-mail to Choon re:Lani Brown's Declaration and potential dep/cost Again requested meeting | .2 hour |
| | **Total** | 1.3<br>$355 x 1.3=$461.50<br>$200 x 1.3=$260 |

See CM/ECF Doc. No. 56-13, at p. 4.

## **CONCLUSION**

Plaintiff's Motion for Fees must be denied in its entirety.  Plaintiff is not a "prevailing party" in this case.  Nothing in the record supports any finding of "material alteration" of the legal relationship between the parties in Plaintiff's favor based on the claims asserted in this case.  Even if Plaintiff is deemed to have "prevailed," she is not entitled to fees because any success or victory she obtained is a "technical victory" or a de minimis success.

If this Court finds that Plaintiff is entitled to attorney's fees, the vast majority of fees should be denied as unreasonable, excessive, unsupported, or unauthorized.

DATED:  Honolulu, Hawaii, October 1, 2014.

DONNA Y. L. LEONG
Corporation Counsel

**/s/ Paul S. Aoki**

_____

PAUL S. AOKI
First Deputy Corporation Counsel
ERNEST H. NOMURA
NICOLETTE WINTER
Deputies Corporation Counsel

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU