IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHOON JAMES,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; and, John Does 1-50 in their individual or official capacities.<br><br>    Defendants. | CIVIL NO. CV 13-00397 JMS-BMK<br><br>DECLARATION OF PAUL S. AOKI |

### DECLARATION OF PAUL S. AOKI

I, PAUL S. AOKI declares as follows:

1.  I am the First Deputy Corporation Counsel with the Department of the Corporation Counsel, City and County of Honolulu, State of Hawaii.  I am duly authorized to practice law before all courts in the State of Hawaii and before the United States District Court for the District of Hawaii.  I make this declaration based on personal knowledge.  This declaration is made under the laws of the United States and the State of Hawaii and under penalty of perjury.

2.  Attached as Exhibit "A" is a copy of the transcript of hearing before the Honorable Judge Michael Seabright on Plaintiff Choon James' ("James") and

Defendant City and County of Honolulu's ("City") Motions for Summary Judgment.

3. On July 21, 2014, I attended a Status Conference with the Honorable Judge Michael Seabright. Attorney Richard Holcomb and James also attended.

4. At the status conference, I stated that the City was, and always has been willing to return James' signs to her, and that the City has and would be wiling to allow James to modify or cross out the language on the Stored Property Ordinance retrieval form that she deemed offensive.

5. The City voluntarily agreed to return Plaintiff's signs with modifications to the retrieval form. Judge Seabright did not order the signs returned.

6. Prior to the Status Conference, neither James nor her attorney asked me if the City would be willing to cross out the language on the form that Plaintiff deemed offensive.

7. Given my knowledge of the case, and James' interactions with the City in the past, I had not previously affirmatively offered to cross out the language James deemed offensive because I was under the impression that such an offer would be fruitless.

8. Prior to August 26, 2014, the City and James had agreed to the terms of a Settlement Agreement, with the exception of one clause.

9.      Mr. Holcomb suggested to me that the City request a Settlement Conference with the Honorable Judge Barry Kurren.  The parties then scheduled a Settlement Conference, which was held on August 26, 2014.

10.     At the Settlement Conference, the parties agreed upon language regarding the disputed clause.

DATED:  Honolulu, Hawai`i, October 1, 2014.

                                         **/s/ Paul S. Aoki**

                                         _____

                                         PAUL S. AOKI