IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHOON JAMES, | CIVIL NO. 13-00397 JMS-BMK |
| Plaintiff, | ORDER REQUIRING FURTHER BRIEFING REGARDING AMOUNT OF REASONABLE ATTORNEYS' FEES |
| vs. | |
| CITY AND COUNTY OF HONOLULU; and John Does 1-50 in their individual or official capacities, | |
| Defendants. | |

## ORDER REQUIRING FURTHER BRIEFING REGARDING AMOUNT OF REASONABLE ATTORNEYS' FEES

As described in the court's Order Adopting in Part the Amended Findings and Recommendation To Grant in Part and Deny in Part Plaintiff's Motion For Attorneys' Fees and to Grant Plaintiff's Motion for Costs (filed concurrently with this Order), the court finds that Plaintiff is the prevailing party for purposes of attorneys' fees due to the parties' settlement agreement in which Defendant agreed to pay Plaintiff $21. This determination differs from the Amended Findings and Recommendation ("F&R"), which found that Plaintiff was the prevailing party based both on Defendant's voluntary return of Plaintiff's signs as well as the settlement agreement. Because the court's prevailing party analysis

and conclusion differ from the F&R, the court requests additional briefing addressing the amount of reasonable attorneys' fees where Plaintiff is the prevailing party based only on the settlement agreement award of $21 to Plaintiff. To guide the parties, the court provides the following discussion of the issue.

Defendant's payment of $21 to Plaintiff is, at best, a partial success -- Plaintiff had sought various other forms of relief, yet settled the case for this minimal payment. In general, where a plaintiff obtains only partial success, the court applies a two-part test:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). "There is no precise formula for determining the extent to which a party has prevailed. The district court 'has discretion in determining the amount of a fee award . . . [because] of the district

court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) (quoting *Hensley*, 461 U.S. at 437).

The court has little difficulty finding that all of Plaintiff's claims are related, as they are based on a common core of facts regarding the seizure of Plaintiff's signs. *See Hensley*, 461 U.S. at 435 (explaining that claims are related where "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories"). As a result, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

*Farrar v. Hobby*, 506 U.S. 103, 114 (1992), provides that "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)). Indeed, "[i]t is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (quoting *Farrar*, 506 U.S. at 115-16). "Such a comparison promotes

the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar*, 506 U.S. at 114 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)).

For example, in a civil rights suit for damages, an award of nominal damages may "highlight[] the plaintiff's failure to prove actual, compensable injury," and as a result, the plaintiff may not be entitled to any attorneys' fees whatsoever. *Id.* at 115. With that said, however, the amount of damages is not the "sole indicator" of success, and the court must also consider any nonmonetary success a plaintiff achieves for herself and other members of society. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) (citing *Riverside*, 477 U.S. at 574 ("[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.")). And so, "attorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008).

Applying these principles, Plaintiff received only $21 on her request for damages, and obtained none of the declaratory or injunctive relief that she sought. This $21 appears to be compensatory as opposed to merely a nominal

4

damages award -- at the time of settlement, Defendant had returned Plaintiff's signs, and Plaintiff's counsel asserts that the $21 was full compensation for the damage to the signs (once returned) and a nominal award for the constitutional violation. *See* Doc. No. 76-1, Holcomb Decl. ¶ 9. Thus, this relief, although not nominal and entitling Plaintiff to attorneys' fees,[1] is minimal at best and appears to provide no public benefit.

On its face, $25,407.68 in attorneys' fees (the amount recommended by the F&R)[2] appears grossly excessive in light of Plaintiff's limited success on obtaining $21 and no other relief. But the parties do not discuss any facts specific to this case that the court should consider in determining the reasonableness of Plaintiff's requested fees in light of this limited success. Where the amount of damages received is only a fraction of total relief sought, courts have often

---

[1] Because the award was for more than nominal damages, *Farrar's* suggestion that a plaintiff should receive no fees for a nominal award does not apply. And Defendant did not argue that any special circumstances apply that would render an award of attorneys' fees unjust. *See Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005) ("In applying the 'special circumstances' exception [to awarding attorneys' fees], we focus on two factors: '(1) whether allowing attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees.'" (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999)).

[2] The parties did not object to the F&R's determination that $25,407.68 represents the reasonable attorneys' fees for Plaintiff's attorneys' work in this case. The F&R reached this amount through the loadstar calculation of determining the reasonable hourly rate for each of Plaintiff's attorneys, and then multiplying this rate by the number of hours reasonably expended on the litigation. Thus, the question the parties should address how much this amount ($25,407.68) should be reduced to take into account Plaintiff's limited success on the merits.

reduced the fee award by a percentage to take into account limited success. *See, e.g.*, *McCown*, 565 F.3d at 1105 (explaining that where the plaintiff received $20,000 in a settlement agreement but sought $251,000, "it is unreasonable to grant his attorneys more than a comparable portion of the fees and costs they requested"); *Jones v. McGill*, 2009 WL 1862457, at *5 (E.D. Cal. June 29, 2009) (reducing attorneys' fees request from $312,321.24 to $20,000 where at trial the plaintiff was awarded $9,990 in damages yet sought millions); *Ambriz v. Arrow Fin. Servs., LLC*, 2008 WL 2095617, at *7 (C.D. Cal. May 15, 2008) (reducing fees request of $37,322.50 by twenty-five percent where plaintiff received $9,500 pursuant to a settlement agreement "in light of the significant discrepancy between the attorney's fees sought and the Plaintiff's recovery, but cognizant that these seemingly exorbitant fees were primarily the result of Defendants' intransigence rather than Plaintiff's Counsels' over-billing").

The court therefore orders the parties to provide supplemental briefing addressing reasonable attorneys' fees in light of this court's determinations that Plaintiff is the prevailing party (as found in the Order Adopting in Part the F&R), and that the $21 payment to Plaintiff is compensatory damages (found above). In particular, the parties should address how the payment of $21 compares to Plaintiff's initial (or settlement) demands -- whether for

compensatory damages or declaratory/injunctive relief -- and whether any other facts specific to this case support their arguments for what reasonable attorneys' fees are in this action. The parties should also address what, if any, benefit Plaintiff's settlement of $21 provides to the public. Plaintiff's brief, no longer than five pages or the corresponding word count, is due by January 23, 2015, and Defendant's brief, no longer than five pages or the corresponding word count, is due by January 30, 2015.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 13, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*James v. City & Cnty. of Honolulu*, Civ. No. 13-00397 JMS-BMK, Order Requiring Further Briefing Regarding Amount of Reasonable Attorneys' Fees