IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHOON JAMES, | ) | CIVIL NO. 13-00397 JMS-BMK |
|---|---|---|
| Plaintiff, | ) | ORDER AWARDING ATTORNEYS' FEES TO PLAINTIFF |
| vs. | ) | |
| CITY AND COUNTY OF HONOLULU; and John Does 1-50 in their individual or official capacities, | ) | |
| Defendants. | ) | |

**ORDER AWARDING ATTORNEYS' FEES TO PLAINTIFF**

At issue is the amount of reasonable attorneys' fees for Plaintiff Choon James ("Plaintiff"), where (1) she is the prevailing party by virtue of a settlement agreement under which Defendant City and County of Honolulu ("Defendant") agreed to pay her $21, (2) she obtained none of the injunctive or declaratory relief that she sought, and (3) she seeks $31,041.19[1] in fees. Based on the following, the court finds that Plaintiff is entitled to her attorneys' fees in the amount of $12,416.48, and costs of $400.

---

[1] As explained below, Plaintiff initially sought $55,286.36 in attorneys' fees, and did not object to Magistrate Judge Barry M. Kurren's recommendations that she be awarded $25,407.68 and that attorney Richard Holcomb's reasonable hourly rate was $200. Plaintiff has since requested an additional $5,633.51 for fees accrued in addressing Defendant's objections to the recommended fee award, which is based on 26.9 hours at the $200 hourly rate.

## I. BACKGROUND

Plaintiff brought this action asserting a panoply of constitutional and state law claims stemming from Defendant's removal of signs she placed on 54-282 Kamehameha Highway (the "subject property"). Defendant removed these signs pursuant to Chapter 29, Article 19 of the Revised Ordinances of Honolulu ("ROH") ("Article 19"), which provides that the City may seize personal property left on public property after providing twenty-four hours notice. Although Plaintiff is the legal title holder of the subject property, at the time of the signs' removal Defendant had obtained an Ex Parte Order of Possession in an on-going eminent domain action regarding the subject property (the "State Action"). When Plaintiff sought the return of her signs, Defendant required Plaintiff to sign a "Release of Impounded Personal Property" ("Release"), to which she objected as including language suggesting that she conceded that the signs were on public property and/or abandoned, and which she worried would be used against her in the State Action. In total, the Complaint asserted twelve causes of action,[2] and sought a number of forms of relief including declaratory relief (that Article 19 is

---

[2] Plaintiff's claims were titled (1) Violation of Fourth Amendment; (2) Due Process Violation; (3) First Amendment Violation; (4) Failure to Train and Supervise; (5) Hawaii Constitution -- Unreasonable Seizure; (6) Hawaii Constitution -- Property and Due Process Protections; (7) Hawaii Constitution -- Freedom of Speech; (8) Trespass; (9) Conversion; (10) Replevin; (11) Negligence; and (12) Trespass to Chattels.

unconstitutional and that Defendant violated Plaintiff's constitutional rights), preliminary and permanent injunctive relief, compensatory damages, and punitive damages. Doc. No. 1, Compl. at 15-17.

While the parties' Motions for Summary Judgment were pending, Defendant returned Plaintiff's signs voluntarily. After the court denied the parties' Motions for Summary Judgment and with trial approaching, the parties settled the action for a $21 payment from Defendant.

Plaintiff's Motion for Attorneys' Fees followed, in which she sought $55,286.36 in attorneys' fees and $400 in costs. Magistrate Judge Kurren's December 8, 2014 Findings and Recommendations ("F&R") determined that Plaintiff is the prevailing party and recommended that Plaintiff be awarded $25,407.68 in attorneys' fees and $400 in costs, for a total award of $25,807.68. Doc. No. 74. The F&R came to the $25,407.68 figure for attorneys' fees instead of Plaintiff's requested $55,286.36 by rejecting Plaintiff's requested reasonable hourly rates ($200 per hour instead of $355 per hour for Richard Holcomb, and $185 per hour instead of $250 per hour for Brian Brazier), and making reductions in the requested hours for excessive billing, inadequate descriptions, clerical or ministerial acts, duplicative work, block billing, time spent on an unfiled motion (deducting 22.68 hours from Holcomb's requested 139.9 hours, and deducting

9.875 from Brazier's requested 13.125 hours).

Defendant objected to the F&R, while Plaintiff asserted that she was entitled to an additional $5,633.51 for her fees (26.9 hours at the $200 per hour rate determined by the F&R) in responding to Defendant's Objection.[3] *See* Doc. No. 76. The court's January 13, 2015 Order Adopting in Part the F&R held that Plaintiff is the prevailing party for purposes of attorneys' fees due to the parties' settlement agreement requiring Defendant to pay Plaintiff $21. Doc. No. 77. Via separate order, the court outlined that Defendant's payment of $21 was at best a partial success, and directed the parties to submit supplemental briefing addressing reasonable attorneys' fees in light of this limited success. Doc. No. 78. Plaintiff submitted her supplemental brief on January 23, 2015, Doc. No. 79, and Defendant submitted its supplemental brief on January 30, 2015. Doc. No. 80. Pursuant to Local Rule 7.2(d), the court determines this issue without a hearing.

## II. LEGAL FRAMEWORK

As outlined in the court's order requiring supplemental briefing, *see* Doc. No. 78, Defendant's payment of $21 to Plaintiff is, at best, a partial success -- Plaintiff had sought various other forms of relief, yet settled the case for this

---

[3] Defendant did not object to these additional fees, and Plaintiff did not seek fees in filing her January 23, 2015 supplemental brief. As a result, the court adds the $5,633.51 to the amount recommended by the F&R.

4

minimal payment. In general, where a plaintiff obtains only partial success, the court applies a two-part test:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). "There is no precise formula for determining the extent to which a party has prevailed. The district court 'has discretion in determining the amount of a fee award . . . [because] of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993) (quoting *Hensley*, 461 U.S. at 437).

The court has little difficulty finding that all of Plaintiff's claims are related, as they are based on a common core of facts regarding the seizure of Plaintiff's signs. *See Hensley*, 461 U.S. at 435 (explaining that claims are related

where "plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories"). As a result, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* In doing so, the court must determine whether Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2008) ("*McCown I*").

*Farrar v. Hobby*, 506 U.S. 103, 114 (1992), provides that "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)). Indeed, "[i]t is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir. 1994) (quoting *Farrar*, 506 U.S. at 115-16). "Such a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar*, 506 U.S. at 114 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)).

For example, in a civil rights suit for damages, an award of nominal damages may "highlight[] the plaintiff's failure to prove actual, compensable injury," and as a result, the plaintiff may not be entitled to any attorneys' fees whatsoever. *Id.* at 115. With that said, however, the amount of damages is not the "sole indicator" of success, and the court must also consider any nonmonetary success a plaintiff achieves for herself and other members of society. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) (citing *Riverside*, 477 U.S. at 574 ("[A] civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.")). And so, "attorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown I*, 565 F.3d at 1103.

### III. APPLICATION

In evaluating the significance of the overall relief obtained by Plaintiff in relation to the hours reasonably expended on the litigation, the court recognizes that the F&R determined that Plaintiff's counsel spent a total of 121.47 hours (increased to 148.37 hours for responding to Defendant's Objection), and that Plaintiff obtained only $21 and the return of Plaintiff's signs. Needless to say, if this action were only about compensation for Plaintiff's signs, this action should

7

have been resolved quickly (or even settled pre-suit) given the economics of litigation -- the filing fee alone is $400, and Plaintiff valued her damages as $500 in settlement discussions.

Further skewing the comparison between the relief obtained and hours expended is that this action was not only about compensation for Plaintiff's signs. Rather, Plaintiff asserted a panoply of constitutional and state law claims, and sought not only compensatory damages, but also punitive damages, declaratory relief, and injunctive relief. By settling for only $21, Plaintiff did not obtain any of these other forms of relief and her partial success in this action provides no public benefit -- there is no vindication of any important civil or constitutional rights through any injunctive or declaratory relief. Nor does this minimal payment of $21 serve as a deterrence of any future conduct by Defendant. *Compare with McCown v. City of Fontana*, 464 F. App'x 577, 579 (9th Cir. 2011) (determining that district court did not abuse its discretion determining that the lawsuit benefitted the public where the $20,000 damages was not de minimis and would deter future unconstitutional conduct); *Morales*, 96 F.3d at 364 ("Because it assessed [$17,500 in] damages against the defendants, the verdict established a deterrent to the City, its law enforcement officials and others who establish and implement official policies governing arrests of citizens.").

As a result, based on the limited relief Plaintiff obtained, the 148.37 hours expended by Plaintiff's attorneys appears excessive on its face. And if the results of this action were the only relevant facts, the court would have little difficulty concluding that the attorneys' fee award must be reduced significantly to take into account Plaintiff's limited success. *See McCown I*, 565 F.3d at 1103 (stating that the court must determine whether Plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award").

Additional considerations, however, suggest that some of the hours expended were not unreasonable because they were due, at least in part, to Defendant's failure to return Plaintiff's signs until after the parties had filed Motions for Summary Judgment, and refusal to consider early settlement. Plaintiff was aware that her damages did not amount to much -- several times early on in this litigation, her counsel offered to settle this case for $5,000, with $500 representing her damages and the remainder representing attorneys' fees. *See* Doc. No. 21 (correspondence from Holcomb to Magistrate Judge Kurren), Doc. No. 76-1, Holcomb Decl. ¶ 4. Defendant refused these offers, and proceeded under the belief (whether misconceived or not) that Defendant had no need to settle the case because the removal of the signs was lawful where the Possession

Order gave Defendant the exclusive right of possession of the subject property. Doc. No. 29. It was not until both parties had filed Motions for Summary Judgment that Defendant finally returned Plaintiff's signs, and it was not until the court found that genuine issues of material fact existed regarding Defendant's position that the parties reached a settlement for $21. Thus, a fair number of the hours Plaintiff's counsel expended on this action were due, at least in part, to Defendant's unwillingness to seriously discuss settlement. *See also Ambriz v. Arrow Fin. Servs., LLC*, 2008 WL 2095617, at *7 (C.D. Cal. May 15, 2008) (reducing fees request of $37,322.50 by twenty-five percent where plaintiff received $9,500 pursuant to a settlement agreement "in light of the significant discrepancy between the attorney's fees sought and the Plaintiff's recovery, but cognizant that these seemingly exorbitant fees were primarily the result of Defendants' intransigence rather than Plaintiff's Counsels' over-billing").

Considering all these factors together, the court finds that counsel's hours should be decreased due to the partial success in this action. And given Plaintiff's attempts to settle this action and keep costs down by limiting discovery, the court finds that a sixty percent reduction is warranted, as opposed to a much higher percentage reduction that the mere comparison of Plaintiff's limited success to the hours expended would otherwise suggest. The court therefore finds that

Plaintiff is entitled to her attorneys' fees in the amount of $12,416.48,[4] and costs of $400.

In opposition, Plaintiff argues that the court should not apply any percentage reduction because this action vindicated important constitutional rights -- Plaintiff asserts that the signs expressed political speech, and the City "is now unlikely to enter property, despite an Order of Possession, to remove instruments of protected speech." Doc. No. 79, Pl.'s Suppl. Resp. 3-4. Although Defendant returned Plaintiff's signs, the court never determined whether Plaintiff had the right to place the signs on the subject property, or whether the City had the right to take them down.[5] Rather, the only tangible result in this action was that Plaintiff received $21, and there is no public benefit to this result.

Plaintiff also argues that all of the hours her counsel expended on this action should be compensated because they were all attributable to obtaining compensatory relief for Plaintiff, as opposed to seeking injunctive or declaratory relief. *See* Doc. No. 79 at 2-3. Although Plaintiff did not seek injunctive or

---

[4] $31,041.19 x 0.40 = $12,416.48. The court applies the sixty percent reduction to both the F&R's determination of reasonable attorney fees accrued in this action ($25,407.68) and Plaintiff's fees in responding to the Objection to the F&R ($5,633.51), given Plaintiff's limited success in this action as a whole, as well as Plaintiff's limited success in responding to the Objections.

[5] Indeed, Plaintiff, acting pro se, has since filed another action challenging Defendant's actions on the subject property. *See James v. City & Cnty. of Honolulu*, Civ. No. 14-00478 JMS-BMK (D. Haw., filed Oct. 17, 2014).

declaratory relief in any pretrial motions, the relevant inquiry is the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Thorne*, 802 F.2d at 1141. Further, Plaintiff's requests for declaratory and injunctive relief elevated this action beyond a simple demand for the return of signs, and contributed to the parties' failure to settle this action in an expeditious manner had the action only been about compensation.

Finally, Plaintiff argues that no further reduction from what the F&R determined is necessary because the F&R already substantially reduced the fee award from what Plaintiff requested ($55,286.36). *See* Doc. No. 79, Suppl. Resp. at 5-6. The court disagrees -- the reductions made by the F&R were to determine a reasonably hourly rate for counsel and the number of hours reasonably expended on this litigation as a whole. Although the F&R declined to make further reductions for limited success, the court reviews objections to the F&R de novo. And based on its own review and familiarity with this case, the court finds that Plaintiff's limited success requires a percent reduction to account for only those hours *reasonably* expended to obtain the $21 in relief.[6]

---

[6] Plaintiff also argues that Defendant waived any argument that the fee award recommended by the F&R was unreasonable, and that if Defendant had raised such objection, Plaintiff would have objected to the F&R's determination of the reasonable hourly rate. Although Defendant did not object to the F&R's determination as to counsels' reasonable hourly rate and the number of hours reasonably expended in this litigation as a general matter, Defendant did argue that Plaintiff's success was de minimis or technical such that no attorneys'

## IV. CONCLUSION

Based on the above, the court finds that Plaintiff is entitled to her attorneys' fees in the amount of $12,416.48, and costs of $400.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 3, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*James v. City & Cnty. of Honolulu*, Civ. No. 13-00397 JMS-BMK, Order Awarding Attorneys' Fees to Plaintiff

---

fees should be awarded. *See* Doc. No. 75, Def.'s Obj. at 23-28. This argument sufficiently raised that Plaintiff is not entitled to attorneys' fees based on the $21 settlement. And to the extent Plaintiff would have objected to counsels' awarded hourly rate, such objection would have been futile -- this court has already determined Plaintiff's counsels' reasonable hourly rate in another case, and Plaintiff's counsel raised the same arguments regarding the hourly rate as in this action. *See Haw. Def. Found. v. City & Cnty. of Honolulu*, 2014 WL 2804448, at *2-5 (D. Haw. June 19, 2014).